## Commonwealth of Pennsylvania ex. rel. James Fraley *v.* Samuel P. Rotan, District Attorney. Original.

*Criminal law—Habeas corpus ad testificandum—Habeas corpus ad subjiciendum—Judges of the courts of quarter sessions and oyer and terminer sitting as committing magistrates—Function of grand jury.*

(1) The writ of habeas corpus ad testificandum does not remove the person whose presence is desired in court, from the custody of the person or institution to which he has been committed. The function of the writ is to bring the witness into court; when he is produced the writ is executed, but he still remains in charge of the warden or other custodian. On such proceeding, the right of custody is not in question; the writ is in the nature of a subpœna; it may be issued only in a pending suit or other lawful proceeding, and it cannot be issued or used to keep a witness when there is no trial pending.

(2) The proper tribunal for inquiry and investigation based on rumor, or common report, or general charges, is the grand jury: Com. v. Smith, 185 Pa. 553, followed.

(3) Habeas corpus issued by this court was proper to inquire into the alleged unlawful detention of Fraley, in the circumstances stated in the opinion of the court, and application for the writ was properly made by the legal custodian from whom Fraley was unlawfully detained.

Commonwealth of Pennsylvania ex rel. James Fraley v. Samuel P. Rotan. Petition for Habeas Corpus, No. 3,

172, (1923).]          Statement of Facts.

Miscellaneous Docket. ORLADY, P. J., PORTER, HENDER-
SON, TREXLER, KELLER, LINN and GAWTHROP, JJ.

On December 4th, the relator, acting by the warden of
the Eastern State Penitentiary, presented his petition
to this court for a writ of habeas corpus to Samuel P.
Rotan, district attorney of Philadelphia County, for the
production of the relator, alleging that the relator, while
duly serving a sentence in the penitentiary, had, on
November 30, 1923, been unlawfully removed therefrom
on a writ of habeas corpus issued by a judge of the
court of oyer and terminer of Philadelphia County, and
that by direction of said judge, the relator was unlaw-
fully detained by Samuel P. Rotan, District Attorney.

On that petition, this court granted a rule to show
cause, returnable December 5th at 10 o'clock, why the
writ should not be issued as prayed for. At that time,
the district attorney appeared by counsel and filed an
answer setting forth facts alleged to justify the detention
of the relator pursuant to the order of the judge of the
court below. After hearing argument by Mr. Owen J.
Roberts, on behalf of the petitioner, and by Mr. James
Gay Gordon, on behalf of the respondent, the writ was
issued commanding the production of the relator in the
Superior Court at 2 o'clock p. m., December 5th. At
the time appointed, the relator was produced, and was
formally remanded as follows:

ORDER

"And now, December 5, 1923, at 2 o'clock p. m., the
respondent appeared in court and filed his answer.
Deputy Warden Smith of the Eastern Penitentiary also
appeared in court with the prisoner, James Fraley, in his
custody, he having been delivered to him by Judge
MONAGHAN.

Whereupon, it is ordered that the said prisoner, James
Fraley, be remanded to the custody of the warden of the
eastern penitentiary and in pursuance thereof, the deputy

warden of said penitentiary, in the presence of the court, received the said prisoner for recommitment to said penitentiary: a formal opinion to be filed later."

In support of the foregoing order, the following opinion was filed on December 11, 1923:

PER CURIAM:

The matter comes before this court upon a petition for a writ of habeas corpus presented by the warden of the Eastern State Penitentiary in the name of James Fraley, who was a prisoner duly convicted and sentenced to that institution, the petition averring that said prisoner was unlawfully detained by the district attorney of Philadelphia County. A rule was entered to show cause why the writ should not be issued. An answer was filed by the district attorney. From the petition and answer we glean the facts which are here enumerated.

The grand jury made a report to the Court of Oyer and Terminer, Philadelphia County, that they had visited the Eastern State Penitentiary and had been informed by some of the prisoners that one James Fraley had been unmercifully beaten by the guards and was confined to the hospital with a broken jaw and broken arm; that they visited said Fraley in the hospital of the institution, but did not ascertain the extent of his injuries nor could they elicit any information from him. The grand jury suggested a thorough investigation, and thereupon was discharged. This ended the grand jury's connection with the matter. The district attorney presented his petition to the court for a writ of habeas corpus ad testificandum, reciting that James Fraley was confined in the Eastern State Penitentiary and was a material witness for the Commonwealth and that a hearing on said matter referred to in the report of the grand jury would be held Friday, November 30, 1923, at 12:30 p. m. There had been no information laid against any one, or warrant of arrest issued. The writ of habeas corpus was issued and Fraley was produced as directed,

COM. OF PA. ex rel. FRALEY *v.* ROTAN, Dist. Atty.  175

172, (1923).]        Opinion of the Court.

but nothing could be elicited from him. He was then taken from the custody of the warden (the district attorney giving a receipt for him) and kept at the direction of the court in the city hall police station from November 30th to the date when the matter came before this court for hearing, to wit, December 5th. The district attorney at the direction of the court, in the meanwhile, made an investigation, had a conversation with the prisoner in the presence of his counsel and others and secured from him a statement which was reduced to writing. Finally a warrant was issued upon the oath of James Fraley charging one Charles Santee with aggravated assault and battery. The hearing was fixed for December 5, 1923, 12 o'clock noon, the same day on which the rule to show cause why the writ of habeas corpus should not be issued by this court was returnable. At the hearing on the rule this court directed the writ to issue returnable at 2 o'clock of the same day and when the writ was returned and the prisoner produced the district attorney informed the court that after the hearing had been held by Judge MONAGHAN, sitting as committing magistrate, Fraley had been returned to the custody of the warden.

When the grand jury reported the matter to the court for investigation, the court had no power to pursue the inquiry in the manner above set forth or to employ process in aid thereof. Under the Constitution, criminal cases are begun by oath or affirmation subscribed to by the affiant. Where an investigation is desired as to matters of general concern where there is no particular person charged, the grand jury is the proper party to make the investigation. In Com. v. Smith, 185 Pa. 553, 568, the Supreme Court had this to say referring to the judges who were investigating the general subject of bribery of councilmen: "This proceeding was wholly without legal authority. There was no definite charge against any specified person, still less any affidavit subscribed by the affiant as required by the Constitution. The high official

and personal character of the judges conducting it cannot make up for the want of jurisdiction. They were not sitting as judges of the court of quarter sessions, but in their ex officio capacity of justices of the peace, and their acts must be tested by exactly the same standard as if they had been the acts of any police magistrate or justice of the peace throughout the Commonwealth. It is needless to say how soon such an officer would be checked if he undertook any such proceeding. The legal tribunal for inquiry and investigation, based on rumor, or common report, or general charges, is the grand jury, as its official name indicates, the grand inquest of the Commonwealth inquiring for the County of Philadelphia, and its jurisdiction and methods are such as to afford ample security to the public interest without the sacrifice of individual rights."

There were two courses open to the district attorney in this matter; the one was to have some one swear out a warrant for the arrest of the offender if he was known, or if he deemed an investigation necessary for the ascertainment of the persons responsible for offenses or crimes committed against prisoners, he could request the court to give the matter in charge to a subsequent grand jury.

The issuing of the habeas corpus ad testificandum was also irregular. There is a clear distinction between the writ of habeas corpus as ordinarily understood, technically known as the writ "ad subjiciendum" which Blackstone describes as "the great and efficacious writ" issued for the purpose of inquiring into the validity of the relators detention or of fixing bail, and those writs bearing the name of habeas corpus which are issued for the purpose of bringing a witness into court who is under restraint or which were employed for the removal of proceedings from the inferior court for review and for various other purposes enumerated by the law writers. The writ of habeas corpus ad testificandum does not take the custody of the party who is desired to be brought into court from the custody of the person or institution to which he has been committed. The purpose of the writ

is to bring the witness into court.  When he is produced the writ is executed.  He is still in charge of the warden or other officer who is designated as his custodian : Com. v. Ross, 28 Co. Ct. Report 276.  The right of custody is not in question, the writ is merely in the nature of a subpœna, the difference between the two being that a subpœna is served upon the person whose presence is desired, whilst the writ is served upon the one who is able to bring in his custody the person desired into court.  In order that such writ may be issued, there must be a pending suit or a lawful proceeding.  It cannot be issued to keep a witness when there is no trial pending.  The issuing of it was, therefore, irregular in this case and the taking of the custody from the Eastern State Penitentiary was unauthorized by law.

It was argued that this court had no right by writ of habeas corpus to supersede a habeas corpus issued by another court, citing in support of this principle the recent case of Craig. Petitioner v. Hecht U. S. Marshal (In the Supreme Court of United States, October Term, 1923, No. 82).  We do not think that case has any application.  The action of the lower court in that case was embodied in a judgment of the court entered in contempt proceedings and the proper method to test that was by appeal.  In this case we are dealing merely with the process of a court, and are pursuing the inquiry pertinent to all habeas corpus cases as to whether the relator is legally committed or lawfully held.  As stated before, a writ of habeas corpus ad testificandum is not a high prerogative writ, but is the process of the court from which it is issued : In re Thaw, 166 Fed. 71; 40 Cyc. 2173.  The detention of the prisoner being unauthorized, the court having exceeded its powers in issuing the writ, this court has the right to remand the prisoner into the care of his proper custodian.  When the court has exceeded its power in issuing the writ to secure the presence of a prisoner, the person in charge of the prisoner is the proper person to object : People v. Sebring, 36 N. Y. Sup. 237.