## The Times Publishing Company v. Flatley, Mayor

*English, Gilsin, Baker & Bowler*, for plaintiff.
*Gerald J. Weber*, city solicitor, for defendant.

EVANS, P. J., July 5, 1952.—The matter before us for consideration at this time is a petition to set aside service of a bill in equity. The petition was filed under Equity Rule 29, contesting the jurisdiction of this court to restrain the Mayor of the City of Erie from following a publicly announced procedure in connection with an intended investigation into alleged crime. A preliminary injunction was granted at the time the original bill was presented. It was later continued on motion for that purpose.

The controversy arises over the mayor's declared intention to hold this investigation privately before himself and certain public officials. The press and the public generally were to be excluded. The witnesses were to be called one at a time and required under oath to answer any questions considered by the mayor pertinent to his investigation.

Defendants argue that this court has no power to enjoin defendant, the Mayor of the City of Erie, from exercising the executive, administrative and official function of his office in the manner he chooses. With this we do not agree. The circumstances under which this court has jurisdiction to review and control the actions of a public official are clearly outlined in Roth v. Marshall et al., 158 Pa. 272, as follows:

"If an officer neglects or refuses to enter upon the discharge of a duty which the law imposes upon him, the courts will quicken or compel action by a writ of mandamus. If he goes beyond what the law requires, attempts that which is ultra vires, or abuses his discretion in any manner, the courts will restrain him by injunction. The ground intermediate these extremes is the legitimate range of official discretion, within which the officer, on whom the law has cast a duty, may determine the manner of its performance. . . . "

It must be noted that a suit against a public official to prevent him from committing an illegal act is not against the State or a municipality, but rather against that officer as an individual, for violating or exceeding his authority in the position he holds. A complainant, however, in order to go into court for redress, must show that the act complained of is not only illegal but that it deprives him of a personal or property right.

This brings us to the second argument by defendants, which in our opinion has merit. Plaintiffs in this case have no civil or property rights which entitle them to maintain this action. The Constitution of the United States and the Constitution of Pennsylvania, within certain limitations of no importance here, protect the right of the press and the public to free speech. The press has the right to freely publish news and to freely discuss and criticize the actions and policies of public officials. That privilege has been exercised in this case. These constitutional rights, how-

ever, do not require public officials to disclose to newspapers and to the general public everything they do. Such a rule of law might be particularly harmful in an investigation into alleged crime. If each step of such inquiry were disclosed and made public the end sought would likely be defeated, and an opportunity would be offered to a guilty person to cover up or even disappear.

Plaintiffs have shown no denial of any civil or property rights which inure to themselves as distinguished from the general public, and therefore they are without standing in this proceeding to question the method by which the mayor proposed to conduct his investigation. However, any witness called before him may test the mayor's authority by action in this court, if the witness' civil or property rights become involved: Commonwealth v. Smith, 185 Pa. 553; Commonwealth ex rel. Fraley v. Rotan, District Attorney, 82 Pa. Superior Ct. 172.

We suggest that counsel for defendants examine the discussion in the Smith case, supra, regarding the limitations of a public official to enter into an "investigation" where there is no definite charge against any specified person, and to particularly note there that the grand jury is declared to be the proper tribunal established by law for inquiry and investigation based on rumor, common report or general charges.

The question as to our jurisdiction is not properly raised by the present petition under rule 29 to set aside service of the bill; but to avoid delay in making disposition of this case we deem it proper by our own motion to treat defendants' petition as a preliminary objection, assuming for our purposes here that the averments in the bill are true.

## Order

Now, to wit, July 5, 1952, the motion to set aside service of the bill is dismissed, but treating it as a

preliminary objection it is sustained; the preliminary injunction is dissolved and the bill is dismissed, at the cost of plaintiffs.