**Jones v. Jones**

A. M. *Matthews*, for plaintiff.
H. *Edwin Mountford*, for defendant.

COFFROTH, *P.J.*, September 5, 1974—Defendant has filed exceptions to the report of the master recommending a divorce, alleging insufficient notice of the master's hearing. The question is whether an incarcerated divorce defendant who has been duly notified of the hearing, is also entitled to be specifically notified of his right to apply to the court for a writ of habeas corpus to enable him to attend the hearing.

The procedure for service in such case is not specially or specifically provided in Pa. R.C.P. 1133, nor by our local rules, Chapter 18, subchapter 2. But all of the courts which have considered the question have answered it in the affirmative, and so do we. See Mankos v. Mankos, 45 D. & C. 2d 274; Hoffman v. Hoffman, 33 D. & C. 2d 528; Larneard v. Larneard, 27 D. & C. 2d 586; Marushak v. Marushak, 27 D. & C. 2d 199; Smith v. Smith, 18 D. & C. 2d 623; Davidson v. Davidson, 1 D. & C. 2d 71; Knable v. Knable, 67 D. & C. 380; Parker v. Parker, 61 D. & C. 593; Taylor v. Taylor, 59 D. & C. 192; Gerber v. Gerber, 16 D. & C. 224; Campbell v. Campbell, 49 Co. Ct. 637; Martin v. Martin, 17 Cumberland 104; Shaffer v. Shaffer, 26 York 80. Accord: Freedman; Law of Marriage & Divorce in Pennsylvania (2d Ed., 1957) §637; Sturgeon; Pa. Law and Procedure in Divorce (Bisel, 3rd Ed.) 568; 12 P.L. Encyc. 335, §125.

The above decisions also make it clear that it is not sufficient that defendant be informed of a right to appear, or of a right to a writ of habeas corpus, or both. He must also be informed in plain language that if he wants to attend the hearing, an application will be made to the court for him for that purpose. See Mankos v. Mankos, supra; Marushak v. Marushak, supra; Smith v. Smith, supra; Davidson v. Davidson, supra; Knable v. Knable, supra. Freedman, supra, goes further to state: "If the defendant does not make application to the court for permission to testify, the master should do so for him." No authority is cited for that statement; apparently it presupposes from defendant a request or expression of desire to appear. See the order of the court in Larneard v. Larneard, supra, 589.

The proper means of securing an incarcerated defendant's presence at a divorce hearing is a writ of habeas corpus ad testificandum. See 47 P.L. Encyc. 192, §6; Commonwealth ex rel. Fraley v. Rotan, 82 Pa. Superior Ct. 172; Freedman, supra, §519. The writ is available where the person under detention wishes to testify for himself, as well as where his testimony is desired by another. 97 C.J.S. 360, §30; Commonwealth v. Ross, 13 Dist. 493.

The writ is essentially a subpoena, not a discharge from custody: Commonwealth ex rel. Fraley v. Rotan, supra. Therefore, special problems may exist where the defendant is incarcerated under an order or sentence of a court other than the court to which application is made for the writ. In such case, the granting or execution of the writ might have to rest upon a request from the court seeking the prisoner's presence to the court

under whose order the prisoner is incarcerated, on the basis of comity. See 17 P.L. Encyc. 284, §21; U. S. v. Quinn, 69 F. Supp. 488; Curran v. U. S., 332 F. Supp. 259; Barber v. Page, 20 L.Ed.2d 255; compare Act of June 23, 1941, P.L. 147, and Act of June 19, 1961, P.L. 478, 19 P.S. §622.1, et seq., and §625.1, et seq.

We conclude as follows:

1. It is the duty of the master to make every reasonable effort and inquiry to ascertain the whereabouts of defendant in a divorce case and to give proper notice of hearing. In all cases, such inquiries and responses thereto shall be placed of record at the master's hearing.

2. The notice shall state the date, time and place of hearing, that defendant may if he desires appear and be heard and present witnesses, and the name and mailing address of the master.

3. Notice of hearing shall be given to defendant's counsel of record, or where he has no counsel of record then to defendant by personal service or by mail to his last known address, in accordance with Pa. R.C.P. 1133(2) and (3).

4. Where defendant is incarcerated, the notice of hearing shall also state:

a. If defendant wishes to attend the hearing he has the right to request the court to grant permission to do so and to make arrangements for him to be brought to the hearing; and

b. If defendant wishes the court to permit him to attend the hearing and to make arrangements for him to be brought to the hearing, defendant must within ten days write to the master requesting to be present; and

c. If defendant makes such request in writing, within ten days, to be present at the hearing, application to the court will be made for him; and

d. If defendant does not make a written request within said ten day period to be present at the hearing, it will be assumed that he desires not to be present.

5. Where defendant is incarcerated, the hearing date shall be fixed sufficiently far in advance to allow time for the procedures above prescribed.

6. If defendant makes a timely request to be present at the hearing, the master shall within ten days thereafter

a. Notify defendant's counsel of record thereof and that counsel shall make the necessary application to the court, or

b. Make the application to the court for the defendant if he has no counsel of record.

The foregoing shall be adhered as local rules, pending consideration by the court of formal rules of court.

## ORDER

Now, September 5th, 1974, defendant's exceptions to the master's report are sustained, a rehearing is ordered, and counsel for defendant is directed to make application to the court for a writ of habeas corpus ad testificandum.