IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey Armolt,　　　　　　　　　　　　　:
　　　　　　　　Appellant　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　v.　　　　　　　　　　　　:　　No. 1520 C.D. 2015
　　　　　　　　　　　　　　　　　　　:　　Submitted: December 11, 2015
The Honorable Judge Edward E.　　　　:
Guido　　　　　　　　　　　　　　　　:


BEFORE:　　HONORABLE RENÉE COHN JUBELIRER, Judge
　　　　　　HONORABLE MARY HANNAH LEAVITT, Judge[1]
　　　　　　HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT　　　　　　　　　　　　　　　FILED: April 12, 2016

　　　　　Jeffrey Armolt appeals an order of the Court of Common Pleas of Adams County (trial court) dismissing his complaint seeking civil and criminal sanctions against the Honorable Edward E. Guido for denying Armolt's petition for writ of *habeas corpus*. In doing so, the trial court held that Armolt did not obtain the approval of a Commonwealth attorney to pursue criminal charges against Judge Guido and, further, that Judge Guido had judicial immunity. For the reasons discussed below, we affirm.

　　　　　By way of background, on January 30, 2013, Armolt filed a petition for writ of *habeas corpus* (Habeas Petition) in the trial court.[2] All judges on the

---

[1] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

[2] The named defendants were John Kerestes, Superintendent of SCI Mahanoy; Shawn Wagner, Commonwealth Attorney of Adams County; the Honorable John D. Kuhn, Adams County Court of Common Pleas; and Attorney General Kathleen Kane.

Adams County Court of Common Pleas recused themselves from the matter, and on February 15, 2013, the petition was assigned to Judge Guido of the Court of Common Pleas of Cumberland County.

In March 2013, Armolt filed a Petition for Writ of Habeas Corpus *Ad Subjiciendum*[3] and Application for Leave to File Extraordinary Relief with the Supreme Court of Pennsylvania. On June 27, 2013, the Supreme Court granted Armolt's Application for Leave and denied the Petition for Writ of Habeas Corpus *Ad Subjiciendum.*

On November 22, 2013, Judge Guido dismissed Armolt's Habeas Petition, finding that the claims raised therein lacked merit. Alternatively, the trial court held that his claims should have been raised in a petition under the Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§9541-9546.

Approximately one and one-half years later, on May 26, 2015, Armolt filed an Application for Leave to Continue In Forma Pauperis Status and Complaint for Civil/Criminal Contempt (Complaint) against Judge Guido. The Complaint alleged that Judge Guido failed to give him an evidentiary hearing in accordance with the Supreme Court's June 27, 2013, order granting Armolt leave to file original process. Armolt also contended that Judge Guido wrongly converted his Habeas Petition to a PCRA petition. Armolt's Complaint against Judge Guido asserted counts of Obstructing Administration of Law or Other

---

[3] "A writ of *habeas corpus ad subjiciendum* is defined as '[a] writ directed to someone detaining another person and commanding that the detainee be brought to court.'" *Joseph v. Glunt*, 96 A.2d 365, 368 n.2 (Pa. Super. 2014) (citing BLACK'S LAW DICTIONARY 778 (9th ed. 2009)). A writ of *habeas corpus* is used to challenge a person's unlawful detention; a writ of *habeas corpus ad subjiciendum* does not question the right of custody. *Commonwealth ex. rel. James Fraley v. Rotan*, 82 Pa. Super. 172, 176-77 (1923).

Governmental Function (three counts), 18 Pa. C.S. §5101[4]; Perjury, 18 Pa. C.S. §4902[5]; and Official Oppression, 18 Pa. C.S. §5301(a)(2).[6] On June 15, 2015, Judge Guido filed preliminary objections to Armolt's Complaint, contending that the Complaint failed to state a claim as a matter of law because: (1) Armolt failed to submit his private criminal complaint to an attorney for the Commonwealth for approval before proceeding in court; (2) judicial immunity barred all claims against Judge Guido; and (3) sovereign immunity barred all claims against Judge Guido.

---

[4] It provides:

> A person commits a misdemeanor of the second degree if he intentionally obstructs, impairs or perverts the administration of law or other governmental function by force, violence, physical interference or obstacle, breach of official duty, or any other unlawful act, except that this section does not apply to flight by a person charged with crime, refusal to submit to arrest, failure to perform a legal duty other than an official duty, or any other means of avoiding compliance with law without affirmative interference with governmental functions.

18 Pa. C.S. §5101.

[5] It provides:

> (a) Offense defined.-A person is guilty of perjury, a felony of the third degree, if in any official proceeding he makes a false statement under oath or equivalent affirmation, or swears or affirms the truth of a statement previously made, when the statement is material and he does not believe it to be true.
>
> (b) Materiality.--Falsification is material, regardless of the admissibility of the statement under rules of evidence, if it could have affected the course or outcome of the proceeding. It is no defense that the declarant mistakenly believed the falsification to be immaterial. Whether a falsification is material in a given factual situation is a question of law.

18 Pa. C.S. §4902.

[6] It provides:

> A person acting or purporting to act in an official capacity or taking advantage of such actual or purported capacity commits a misdemeanor of the second degree if, knowing that his conduct is illegal, he ... (2) denies or impedes another in the exercise or enjoyment of any right, privilege, power or immunity.

18 Pa. C.S. §5301(a)(2).

3

On July 2, 2015, the trial court sustained Judge Guido's preliminary objections and dismissed Armolt's Complaint and Application for Leave to Continue In Forma Pauperis Status. The trial court held that Armolt's attempt to pursue a criminal complaint without prior approval of an attorney of the Commonwealth violated Pa. R.Crim.P. 506.[7] Further, the trial court held that even if it excused this procedural defect, Armolt's claims were barred by Judge Guido's judicial immunity for his official acts. This appeal ensued.[8]

On appeal, Armolt argues that the trial court erred in dismissing his Complaint. Armolt contends: (1) Judge Guido's failure to conduct a hearing after the Pennsylvania Supreme Court granted Armolt leave to file original process

---

[7] It provides:

> (A) When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.

Pa. R.Crim.P. 506.

[8] When an appellate court considers whether preliminary objections in the nature of a demurrer were properly sustained, our standard of review is plenary. *Delaware Township Board of Auditors v. Delaware Township*, ___ A.3d ___, ___ (Pa. Cmwlth., No. 1601 C.D. 2014, filed January 5, 2016) (citing *Mazur v. Trinity Area School District,* 961 A.2d 96, 101 (Pa. 2008)). An appellate court may affirm a grant of preliminary objections only when, based on the facts pled, it is clear and free from doubt that the plaintiff will be unable to prove facts legally sufficient to establish a right to relief. "For purposes of evaluating the legal sufficiency of the challenged pleading, we must accept as true all well-pled, material and relevant facts alleged in the complaint and every inference that is fairly deducible from those facts." *Id.*

We note that the trial court stated in its Pa. R.A.P. 1925(a) opinion that this Court may lack jurisdiction over Armolt's appeal of the dismissal of his civil cause of action. Because no party has objected to jurisdiction, this Court can hear this matter, as jurisdiction has been "perfected" pursuant to 42 Pa. C.S. §704. Nevertheless, this Court has jurisdiction over appeals of final orders in suits against the Commonwealth. 42 Pa. C.S. §762(a)(1). "A judge of any court of common pleas, when sued in his official capacity, is either the 'Commonwealth government' or an officer thereof." *Brown v. [The Honorable Newton C.] Taylor*, 494 A.2d 29, 31 (Pa. Cmwlth. 1985).

4

constituted contempt of the Court's order; (2) Judge Guido exceeded his authority in adjudicating Armolt's Habeas Petition; and (3) the trial court abused its discretion in dismissing the Complaint on the basis of procedural defect or judicial immunity. In response, Judge Guido argues that the trial court properly dismissed Armolt's Complaint.

We begin with Armolt's arguments that (1) by not holding a hearing, Judge Guido was in contempt of the Pennsylvania Supreme Court's order granting Armolt leave to file original process, and (2) Judge Guido exceeded his authority in adjudicating the case. These claims challenge Judge Guido's November 22, 2013, order denying Armolt's Habeas Petition, which Armolt appealed to the Superior Court.[9] On July 23, 2014, the Superior Court affirmed Judge Guido's order denying Armolt's Habeas Petition. *Jeffrey L. Armolt v. John Kerestes, Superintendent,* (Pa. Super., No. 53 MDA 2014, filed July 23, 2014). Any issue about the validity of Judge Guido's November 22, 2013, order not raised in Armolt's prior Superior Court appeal of the denial of his Habeas Petition is waived because appeals must be taken within thirty days of a final order. *See* PA. R.A.P. 903(a).[10] In short, this Court lacks jurisdiction to review the merits of Armolt's claims challenging Judge Guido's November 22, 2013, order.

---

[9] In the Civil Docketing Statement, Armolt identified the following issues to be raised on appeal: "(1) Habeas Corpus separate right created by State Law, (2) very specific challenges to jurisdiction, (3) lack of proper practices and procedures for habeas corpus hearing, (4) Appellee(s) form of confessed judgment, and (5) specific conduct of the specially presiding judge that deprived Appellant of rights and relief."

[10] It states:

> Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken.

PA. R.A.P. 903(a).

Armolt argues, next, that the trial court abused its discretion in dismissing his Complaint for procedural defects or judicial immunity. This argument also lacks merit.

Under Pennsylvania Rule of Criminal Procedure 506(A), a private criminal complaint must "be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay" before the complainant proceeds in court. Pa. R.Crim.P. 506(A). Armolt seeks to bring criminal charges against Judge Guido; however, Armolt did not first submit his private criminal complaint to the Commonwealth's attorney. Thus, the trial court properly dismissed Armolt's Complaint.

Finally, we address Armolt's judicial immunity argument.[11] "[J]udges are absolutely immune from liability for damages when performing judicial acts, even if their actions are in error or performed with malice, provided there is not a clear absence of all jurisdiction over subject matter and person." *Langella v. Cercone*, 34 A.3d 835, 838 (Pa. Super. 2011). "Judicial immunity is not only immunity from damages, but also immunity from suit." *Guarrasi v. Scott*, 25 A.3d 394, 405 n.11 (Pa. Cmwlth. 2011) (citing *Mireles v. Waco*, 502 U.S. 9 (1991)). Determining whether judicial immunity applies requires a two-part analysis: "[(1)] whether the judge has performed a judicial act; and [(2)] whether the judge has some jurisdiction over the subject matter before him." *Langella*, 34 A.3d at 838.

Here, Judge Guido performed a judicial act when he presided over Armolt's 2013 court proceedings, a matter over which he unquestionably had jurisdiction. *See generally id.* at 839 (citing *Forrester v. White*, 484 U.S. 219, 227

---

[11] Immunity may be raised on preliminary objections where it is clear on the face of the complaint that it applies. *Logan v. Lillie*, 728 A.2d 995, 998 (Pa. Cmwlth. 1999).

6

(1988) ("Judicial resolution of dispute between parties in court allows for uncontroversial application of judicial immunity.")). Accordingly, the trial court did not err in holding that Armolt's claims against Judge Guido were barred by judicial immunity.

For all of the foregoing reasons, we affirm the decision of the trial court.

                              _____

                              MARY HANNAH LEAVITT, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey Armolt,              :
        Appellant     :
                          :
      v.                :   No. 1520 C.D. 2015
                          :
The Honorable Judge Edward E.   :
Guido                     :

# **O R D E R**

AND NOW, this 12th day of April, 2016, the order of the Court of Common Pleas of Adams County dated July 2, 2015, in the above-captioned matter is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, Judge