526 A.2d 1226

**Suzanne Elizabeth VANAMAN, Appellee,**

v.

**Jeffrey Allan COWGILL, Appellant.**

Superior Court of Pennsylvania.

Submitted March 2, 1987.

Filed June 12, 1987.

Jeffrey A. Cowgill, in propria persona.

Sandra L. Elias, Deputy District Attorney, Media, for appellee.

Before DEL SOLE, MONTEMURO and ROBERTS,* JJ.

MONTEMURO, Judge:

This is an appeal from an Order denying appellant the right of visitation with the parties' minor child.[1]  The parties were married in 1975, and the child who is the subject of these proceedings was born in that year.  The parties divorced in 1978.  Appellant has been incarcerated since 1980, having been convicted of rape and simple assault-menace;  at the time of these proceedings he was serving a six to twelve year term of imprisonment.

In 1982, appellee filed a petition for custody of the child, along with a rule to show cause.  Appellant neither appeared personally nor through counsel at the hearing on the rule, which was held *ex parte*, and concluded with the issuance of the order which underlies this appeal.[2]

Appellant has presented us with two issues, both of which are in effect claims that he has a constitutional right to be present and to present evidence at any proceeding which affects his status as a parent.  The corollary is that this right was violated when the Order denying visitation was entered despite appellant's non-attendance at the hearing.

The trial court bottomed its action on appellant's failure to explain or excuse the absence of counsel,[3] or to request a continuance of the hearing after having received proper and sufficient notice of its impending occurrence.  Citing *Commonwealth ex rel. Schwarz v. Schwarz*, 252 Pa.Super. 95, 380 A.2d 1299 (1977), the court found that despite the

* This decision was rendered prior to the death of Justice Roberts.

1. The order also granted appellee custody of the child.  This provision is not before us, having been for obvious reasons unappealed.

2. Appellant's notice of appeal was timely.  Through an administrative error below, however, the case was not transmitted to this court until four years later.

3. Appended to appellant's brief is substantial correspondence attesting to his fruitless efforts to obtain representation.  These letters are dehors the record and may not affect our conclusion; we do, however, note their existence.

nature of the case at bar, that is domestic relations, and the equitable considerations involved, "equity does not demand that the court allow Respondent to effectively ignore notice of a scheduled custody proceeding." (Trial court Op. at 3).

This principle, while perfectly sound in regard to persons at liberty to protect their own interests, requires considerable revision in the context of this and similar cases. The fact of appellant's incarceration places an obligation on the court to safeguard his due process rights, a responsibility here ignored.

Although we have uncovered neither procedural rule nor appellate authority which speaks directly to this issue, lower courts have in the past concluded that not only notice of a (civil) hearing is due an imprisoned person, but also specific advisement of his right to attend. *See, Jones v. Jones*, 1 Pa.D. & C.3d 401 (1974) (citing cases). The court in *Jones* prescribed a method of implementing exercise of this right based on the issuance of a writ of *habeas corpus ad testificandum*.[4] This use of the writ is based on the definition given it in *Commonwealth ex rel. Fraley v. Rotan*, 82 Pa.Super. 172 (1923) as equivalent, in dealing with persons in custody, to a subpoena. The steps listed in *Jones*, although composed in reference to a divorce hearing, are equally applicable here: where the respondent/defendant in an action is incarcerated, notice must contain, as well as the usual particulars of the hearing, the statement that respondent/defendant may, if he wishes to attend, request the court by means of a *habeas* petition and writ to make arrangements for transportation to and presence at the hearing. Such request must be made within 10 days prior to the scheduled date.

In custody and visitation cases, the paramount concern is the best interests of the child. *Bucci v. Bucci*, 351 Pa.Super. 457, 506 A.2d 438 (1986). A determination of

4. We note that the record contains an unsigned show cause Order, which, properly, contains directions for a writ of *habeas corpus* to be issued upon the warden of Graterford Prison to produce appellant for the hearing. The Order actually entered contained nothing even remotely similar.

where those interests lie can only be made on the basis of a reasonably complete record, and the "hearing judge must by his opinion give the reviewing court the benefit of a thorough analysis of that record." *In re Long*, 313 Pa.Super. 47, 52, 459 A.2d 403, 405 (1983).

▮▮▮ At the hearing on appellee's petition, no evidence was taken once appellant's absence became known to the court. In effect, no record exists. The reasons given for the decision to deny visitation are "[T]he serious moral deficiencies in [appellant's] character as indicated by his current incarceration for rape which is a particularly disgusting felony. Respondent's criminal record, the type of offense and his apparent disregard for legal process are sufficient reasons for denying him visitation with the child." Trial court Op. at 4.

Visitation has been denied where the parents' mental or moral deficiencies pose a threat to the child, *Hughes v. Hughes*, 316 Pa.Super. 505, 463 A.2d 478 (1983); *Long, supra; Scarlett v. Scarlett*, 257 Pa.Super. 468, 390 A.2d 133 (1978), and appellant may well be unable to sustain his burden of demonstrating that it lies in the child's best interest that he be allowed access. However, this is a matter of proof to be demonstrated by means of evidence, testimonial and otherwise, at a hearing, not presumed.

In situations such as the one before us, not only are the rights of the prisoner/respondent vulnerable to infringement, but those of the child as well since a determination of the child's best interests must have its basis in information. Appellant's rights were clearly ignored; whether his child's have been violated as well remains yet to be seen.[5]

---

**5.** This case presents an anomalous procedural posture in that appellant had filed a petition for visitation in the Court of Common Pleas in Delaware County prior to the filing of the instant petition in Montgomery County. A hearing on the first petition was scheduled for October 14, 1982, but never held. Appellant's averment of these facts was ignored by the trial judge herein. However, since appellant does not complain of this on appeal, we find that any possible objection to venue has been waived.

Order reversed and case remanded for proceedings consistent with this Opinion. Jurisdiction is relinquished.

DEL SOLE, J., notes his dissent.