554 A.2d 563

Catherine SALEMO, Appellee,

v.

George SALEMO, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 3, 1988.

Filed Feb. 27, 1989.

George Salemo, appellant, in propria persona.

Robert C. McFadden, Allentown, for appellee.

Before TAMILIA, WATKINS and MONTGOMERY, JJ.

PER CURIAM:

This is an appeal from the Decree of Divorce. Appellee initially filed a complaint in divorce under 23 P.S. § 201(c). Appellant filed an answer and counterclaim under 23 P.S. § 201(a)(2). Thereafter, appellee filed an amended complaint alleging that appellant had been sentenced to a term of imprisonment for a period of two or more years and thus, requesting a divorce pursuant to 23 P.S. § 201(a)(5). Appellant filed an answer to the amended complaint alleging that

his sentence was not final as it was currently on appeal. In August, 1987, appellee filed a petition for bifurcation. A hearing on said petition was finally held on October 6, 1987. Appellant was not present for the hearing. We note that both parties to this divorce are unrepresented on appeal and, therefore, the issues raised are not well-defined.

■ Appellant first contends that a master should have been appointed in this matter. Our rules of procedure specifically provide, however, that the court may hear testimony or may appoint a master to hear the testimony in an action of divorce under Section 201(a). Pa.R.Civ.P. 1920.-51(a)(2)(i), 42 Pa.C.S.A. Rule 1920.51. Additionally, we note that a master was, indeed, appointed in this matter in July, 1983, and that appellee had deposited with the court the sum of $300.00, but due to appellee's apparent inability to pay the master's fees, the court, upon petition, ordered that the master's fees be withdrawn and the case proceeded without a master.

Appellant also contends that the court erred in failing to consider any economic issues raised in this matter. We note that the decree entered in this action was final only as to the issue of divorce and that the court retained jurisdiction of any other issues raised by the parties. Thus, appellant is free to pursue, in accordance with the rules governing such actions, any other claims raised in this matter. 23 P.S. § 401(b); Pa.R.Civ.P. 1920.1 *et seq.*

■ Appellant further claims that the trial court erred in holding the hearing absent appellant's presence. Initially, we note that this court has held that where a defendant in a divorce action has filed a counterclaim seeking to secure a divorce in his or her favor but on separate and distinct grounds, he or she is entitled to present evidence in support of his or her claim prior to the court's ruling on the merits of the plaintiff's claim. *Restifo v. Restifo*, 339 Pa.Super. 352, 489 A.2d 196 (1985). After hearing all the evidence, the court will then determine upon which basis it will grant the divorce. *Restifo v. Restifo, supra.*

At the time of the hearing in the instant matter, appellant was incarcerated. In August, 1987, appellant filed a petition for writ of *habeas corpus ad testificandum* requesting that the court secure his presence at the hearing in this matter. Thereafter, the court entered an order continuing the hearing until October, 1987, but failed to address the above petition. Subsequently, the court, in its opinion filed in response to the present appeal, noted that while appellant had requested to be present at the hearing, the court believed that since this was a civil matter the court was not obligated to honor appellant's request and that the appellant himself would have to make whatever arrangements he could to be present at the hearing. This, we conclude, was in error.

The purpose of a writ of *habeas corpus ad testificandum* is to bring a prisoner to court to testify. *Commonwealth ex rel. Fraley v. Rotan*, 82 Pa.Super. 172 (1923). The writ is available where a prisoner wishes to testify himself, as well as where his testimony is sought by another. *See, Vanaman v. Cowgill*, 363 Pa.Super. 602, 526 A.2d 1226 (1987). The writ is essentially a subpoena and not a discharge from custody. *Commonwealth ex rel. Fraley v. Rotan, supra.*

In *Jerry v. Francisco*, 632 F.2d 252 (3rd Cir.1980), the Third Circuit Court of Appeals set forth certain criteria which it found should be considered by a court in determining whether a writ of *habeas corpus ad testificandum* should issue. Initially, a court must weigh the interests of the incarcerated person in presenting his testimony in person against the interests of the state in maintaining confinement. *Jerry v. Francisco, supra.* Accordingly, the court found that the following factors should also be considered: the costs and inconvenience of transporting the inmate; any potential danger associated with any such transfer and/or attendance at any hearing or trial; the substantiality of the matter at issue; the need for an early determination of the matter; the possibility of success on the merits; the integrity of the correctional system; and the interests of the

inmate in presenting his testimony in person rather than by deposition. The court went on to state that a consideration of the above factors necessarily would entail consideration of other factors including whether the incarcerated person is the only one who can render testimony consistent with the allegations of his complaint.

In *Vanaman v. Cowgill, supra,* this court held that an incarcerated father was entitled to notice of a custody proceeding, which notice contained a statement informing him that if he wished to attend he could request the court, by means of writ of *habeas corpus ad testificandum,* to make arrangements for transportation to and presence at the hearing, and that an incarcerated father's right to be present and present evidence at the hearing was violated when an order denying him visitation was entered despite his nonattendance at the hearing. While the *Vanaman* case dealt with a petition for custody, the court therein relied upon *Jones v. Jones,* 1 D. & C.3d 401 (1974) and the cases cited therein, which held that where a defendant in a divorce action is incarcerated, he or she may, if desirous of attending a hearing in the matter, request the court, by means of an application for a writ of *habeas corpus ad testificandum,* to make arrangements for transportation to and presence at the hearing. While we have been unable to locate either procedural rule or appellate case law directly on issue, a number of our trial courts have held that an incarcerated defendant in a divorce action is entitled not only to notice of any hearing in such a matter, but also to specific notice of his right to apply to the court for a writ of *habeas corpus ad testificandum* to enable him to attend the hearing. *Jones v Jones, supra; Mankos v. Mankos,* 45 D. & C.2d 274 (1968); *Hoffman v. Hoffman,* 33 D. & C.2d 528 (1964); *Lerneard v. Lerneard,* 27 D. & C.2d 586 (1961); *Marushak v. Marushak,* 27 D. & C.2d 199 (1962); *Smith v. Smith,* 18 S. & C.2d 623 (1959); *Davidson v. Davidson,* 1 D. & C.2d 71 (1954).

An Illinois appellate court, in the case of *In re Marriage of Allison and Allison,* 126 Ill.App.3d 453, 81 Ill.Dec. 610,

467 N.E.2d 310 (1984), was presented with this same issue. There, the trial court had held a hearing following which it dissolved the parties' marriage, awarded custody, child support and attorney's fees and divided property. The appellant, who was, at the time of the hearing, incarcerated, was not present at the hearing. The appellant had, however, petitioned the court for a writ of *habeas corpus ad testificandum* to secure his presence at the hearing, which petition the court ignored. On appeal, the court held that the trial court had erred in denying the prisoner's petition for order of *habeas corpus ad testificandum* to compel his presence at the hearing without first exercising its discretion with regard to whether or not the writ was necessary.

Similarly, the trial court in the instant case gave scant, if any, consideration to appellant's application for a writ of *habeas corpus ad testificandum*. In view of the foregoing, we conclude that it was error for the court to dismiss said petition without considering the factors enumerated in *Jerry v. Francisco, supra.*

Decree vacated and case remanded for a hearing consistent with this Opinion. Jurisdiction is relinquished.