J-S62031-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JULIA GRESS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT E. GRESS | |
| Appellant | No. 3143 EDA 2013 |

Appeal from the Decree and Order October 10, 2013
In the Court of Common Pleas of Bucks County
Civil Division at No(s): A-06-11-63939-D-Q

BEFORE:  ALLEN, J., OLSON, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 26, 2015**

Robert E. Gress ("Appellant") appeals *pro se* from the final decree of divorce and order of equitable distribution entered on October 10, 2013, in the Court of Common Pleas of Bucks County.  Appellant contends the trial court erred in (1) "knowingly proceeding in matters transferred by Montgomery County in which an appeal was filed[,]" (2) "proceed[ing] in a case that was transferred from Montgomery County, which had pending preliminary objections which cited that personal jurisdiction was never established by Montgomery County[,]" (3) "not acknowledging that the change of venue order issued by Montgomery County was a nullity, and therefore Bucks County had neither personal or subject matter jurisdiction, and would make all orders from Bucks County nullities[,]" (4) "not insuring that the plaintiff's pleadings conformed to law or court rules and were legally

sufficient, as [appellant] was never properly provided numerous mandatory documents, since [appellant] was never provided service of original process[,]" and (5) "proceeding in this case in which no viable proof of service of original process exists, as no return **receipt signed by [appellant]** is existent [pursuant to Pa.R.C.P. 1930.4(h)(4)]." Appellant's Brief, at 4 (emphasis in original). We affirm on the sound reasoning of the trial court.

The trial court's opinion sets out the background of this case and, therefore, we do not restate it here. **See** Trial Court Opinion, 3/24/2014.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Gary B. Gilman, we conclude appellant's claims merit no relief. **See** Trial Court Opinion, **supra** (finding: (1) venue is proper in Bucks County since appellee/plaintiff resides in Bucks County and the marital home was in Bucks County, (2) when the Montgomery County Court of Common Pleas transferred jurisdiction to Bucks County, that Court was without further authority to decide any remaining preliminary objection,[1] (3) the record reflects appellant was consistently and properly served with true and correct copies of documents pertinent to this case pursuant to Pa.R.C.P. 1930.4

_____

[1] We also note the Montgomery County Court of Common Pleas docket sheet, which is contained in the certified record, does not reflect that an appeal was filed from the Montgomery County transfer order.

- 2 -

("Service of Original Process in Domestic Relations Matter," and (4) failure to include with service a notice of an incarcerated individual's right to apply to the court for a writ of *habeas corpus ad testificandum* to enable him to participate in the hearing was harmless error where appellant was afforded repeated notice to respond or participate in the present proceedings, and he opted not to do so.).[2]

Accordingly, we adopt the trial court's opinion as dispositive of the issues raised in this appeal.[3]

Decree and Order affirmed. Appellant's Motion to Suppress Appellee's Supplemental Reproduced Record and Supplemental Appendix is dismissed as moot, as this Court considered only the documents contained in the certified record.

_____

[2] We further add that the Pennsylvania Supreme Court, by *per curiam* order of December 12, 2013, granted appellant's Application for Leave to File Original Process, and **denied** his Petition for Writ of Prohibition and/or Writ of Mandamus, or other Extraordinary Relief. ***See Robert E. Gress v. Court of Common Pleas of Bucks Conty-Civil***, 142 MM 2013, Application for Leave to File Original Process Pursuant to Pa.R.A.P. 3307 and Application for Extraordinary Relief Pursuant to Pa.R.A.P. 3309 (seeking leave to file original process in the Pennsylvania Supreme Court; seeking a writ of prohibition in the Bucks County Court of Common Pleas on the basis of lack of jurisdiction, a writ of mandamus to transfer ***Gress v. Gress*** (A06-11-63939) back to the Montgomery County Court of Common Pleas, and other extraordinary relief to correct errors and in the interest of justice).

[3] In the event of further proceedings, the parties are directed to attach a copy of the Trial Court Opinion, 3/24/2014, to this decision.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/2015

Exhibit 2

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
FAMILY COURT

JULIA GRESS                                          :
                                                     :
            V.                                       : NO. A06-11-63936-36
                                                     :
ROBERT E. GRESS                                      :

OPINION

Robert E. Gress (hereinafter referred to as "Appellant") has filed the instant appeal from the family court Decree and Order signed by this Court on October 10, 2013. The effect of that Order was to divorce Appellant and Julia Gress (hereinafter referred to as "Appellee") from the bonds of matrimony and to equitably distribute marital property.

I. BACKGROUND

Appellee filed for divorce in the Montgomery County Court of Common Pleas (hereinafter referred to as "Montgomery County") on August 3, 2010. A determination of improper venue was made by the Court of Common Pleas of Montgomery County, and the case was transferred to the Bucks County Court of Common Pleas (hereinafter referred to as "Bucks County") by Order dated November 10, 2011.

On November 7, 2012, our colleague on the Bucks County bench, Judge McMaster, signed an Order approving the Grounds for Divorce and directing the matter to the Bucks County Domestic Relations Master's Office for conference and hearing. Appellant appealed that Order and on January 25, 2013, the Superior Court granted Appellee's motion to quash that appeal as having been improperly based upon a non-appealable interlocutory order. Pursuant to the relevant rules of civil procedure, upon review of the recommendation by the Master, we thereafter signed the Final Decree on

.1

October 10, 2013. This appeal was filed on November 11, 2013.[1]

## II. STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

Appellant's Statement of Matters Complained of on Appeal is recited *verbatim*

below.

1. Did not Bucks County Court err, after knowingly proceeding in actions in matters transferred by Montgomery County in which an appeal was filed (Appeal was filed 12/09/2011), when Bucks County Court received undeniable proof that a notice of appeal was filed (within Exhibit 1 of Preliminary Objections of 06/07/2012), in violation of Pa. R.A.P. 1701(a), as the appeal involved not only an objection of change of venue (per R.A.P. 311(c)), but raises the challenge of personal jurisdiction of Montgomery County issuing a change of venue or any order.

2. Did not Bucks County Court err, when it proceeded in a case that was transferred from Montgomery County, which had pending Preliminary Objections (filed in Montgomery County), which cited that Personal Jurisdiction was never established by Montgomery County, and accordingly orders by Montgomery County are a nullity.

3. Did not Bucks County Court err, by not acknowledging that the change of venue order issued by Montgomery County was a nullity, and therefore Bucks County had neither personal nor subject matter jurisdiction, and would make all orders from Bucks County nullities.

4. Did not Bucks County Court err, by not insuring that the Plaintiff's pleadings conformed to law or court rules and were legally sufficient, as the Defendant was never properly provided mandatory documents including the Complaint (R.C.P. 1920.12 & 1920.72), the Notice to Defend and Claim Rights (R.C.P. 1920.71), the Notice of Intention to Request Entry of Divorce Decree (R.C.P. 1920.73), and the Notice of an Incarcerated Person's Right to Apply for a Writ of Habeas Corpus Ad Testificandum (Note in R.C.P. 1930.4(A)), since the Defendant was never provided service of original process.

5. Did not Bucks County Court err, by proceeding in this case in which no viable proof of service of the original process exists, as no return receipt **signed by the Defendant** is existent (pursuant to R.C.P. 1930.4(h)(4)), as divorce and domestic relation services are specifically govern by Pa. R.C.P. 1930.4, and thus Bucks County never established jurisdiction.

---

[1] The Superior Court dockets reflect that the instant appeal is the seventh appeal filed by Appellant as to his domestic matter since September 2012.

## III. DISCUSSION

Appellant has appealed from the Order we signed on October 10, 2013, which finalized the divorce between these parties. Appellant has used this appeal to attempt to revisit the issues he has repeatedly raised in Montgomery County as well as in Bucks County since the date when venue was transferred. While a bit confusing and seemingly misguided, the five issues raised in the instant appeal can be divided into two categories. One category pertains to venue and the venue transfer, including the allegation that Montgomery County never established personal jurisdiction over Appellant. The second category pertains to Appellant's assertions as to proper receipt, or lack thereof, of original service and of related other documents. As a matter of law, these arguments are not properly raised on an appeal from the entry of a divorce decree. Nonetheless, we will briefly address the asserted appellate issues herein.

First, as to the venue issues, Appellant has continuously raised non-meritorious arguments. As a general theme, Appellant asserts that Montgomery County never established personal jurisdiction, transferred the matter to Bucks County while preliminary objections as to jurisdiction were pending, and therefore all orders entered by Montgomery County are a nullity, including the transfer of venue.[2] Appellant further argues that therefore all subsequent Bucks County orders are nullities.

Appellee resides in Bucks County and the marital home was in Bucks County. Notwithstanding any reasons this matter may have been initially filed in Montgomery County, venue is proper in Bucks County. Danz v. Danz, 947 A.2d 750 (Pa.Super.2008) (providing extensive discussion regarding venue in a divorce action and the application

---

[2] We surmise from a review of the file transferred from Montgomery County that there may have been agreement between the parties to initially file this matter in Montgomery County, as opposed to Bucks County. Parties may agree upon a county in which to bring a divorce action pursuant to Pa. R.C.P. 1920.2.

3

of Rule 1920.2). The determination of whether to transfer venue in a case is a matter within the sound discretion of the trial court. If there exists any proper basis for the trial court's decision to grant the petition to transfer venue, the decision must stand. Estate of Werner ex rel. Werner v. Werner, 781 A.2d 188, 189 -190 (Pa.Super.2001)(internal quotations and citations omitted).

Appellant apparently misunderstands the relevant law and rules of civil procedure in suggesting personal jurisdiction was not established in Montgomery County, or that preliminary objections remained pending, once the venue determination was reached by the Court of Common Pleas of Montgomery County. Bradley v. O'Donoghue, 823 A.2d 1038 (Pa.Cmwlth.2003) (When a trial court grants a change of venue through preliminary objections, it is without further authority to decide any remaining preliminary objections). Accordingly, Appellant's assignments of error as to jurisdiction and venue are incorrect.

Furthermore, Appellant's preliminary objections raised in Bucks County, which included in part, objections as to subject matter jurisdiction and personal jurisdiction, were overruled by our colleague Judge Baldi's Order of October 18, 2012.

Appellant argues in his last two matters complained of on appeal that he never received documents, including service of original process. At the outset, we note that Judge Baldi's Order addressed and overruled the preliminary objection Appellant previously raised as to service of the Complaint. Additionally, a review of the Court files and dockets reveals that Appellant was consistently and properly served with true and correct copies of documents pertinent to this case, as required pursuant to Pa. R.C. P. 1930.4. Appellant received notice of the Grounds hearing and did not choose to participate. Appellant received notice of the Master's hearing and did not choose to

4

participate. Appellant received Notice of Filing the Master's Report, including the standard instructional language that either party may file for a de novo hearing, within twenty (20) days, before the proposed relevant Order is entered by the Court. Again, Appellant chose not to act.

The *Note* to Pa. R.C.P. 1930.4 states in part: "[s]ervice upon an incarcerated person[3] in a domestic relations action must also include notice of the incarcerated individual's right to apply to the court for a *writ of habeas corpus ad testificandum* to enable him to participate in the hearing."[4] While a review of the court file does not reflect that Appellant received such notice, we find the lack of documentation to be harmless error.[5] Appellant was afforded repeated notice to respond or participate in the subject domestic relations proceedings, and he repeatedly opted not to do so. Yet, Appellant has exhibited a pattern of filing appeals asserting non-meritorious positions.

---

[3] Appellant was convicted following a trial by jury and sentenced in October 2007 to an aggregate sentence of not less than thirty-three (33) years nor more than sixty-seven (67) years incarceration in a state correctional facility. Appellant was sentenced upon Count 1 – Rape of a Child, Count 2 – Involuntary Deviate Sexual Intercourse with a Child, Count 16 – Corruption of Minors, and Count 24 – Criminal Conspiracy. In December 2008 Appellant's sentence was affirmed by the Superior Court and in October 2009 cert. was denied by the Pennsylvania Supreme Court.

[4] A court must weigh the interests of an incarcerated person in presenting testimony in person against the interests of the state in maintaining confinement. The following factors should be considered: the costs and inconvenience of transporting the inmate; any potential danger associated with any such transfer and/or attendance at any hearing or trial; the substantiality of the matter at issue; the need for an early determination of the matter; the possibility of success on the merits; the integrity of the correctional system; and the interests of the inmate in presenting his testimony in person rather than by deposition. A consideration of the above factors entails consideration of other factors including whether the incarcerated person is the only one who can render testimony consistent with the allegations of his complaint. Salemo v. Salemo, 554 A.2d 563, 564 (Pa.Super.1989)(internal citations omitted).

[5] In assessing the absence of a *writ of habeas corpus ad testificandum* provided to Appellant, we are guided by decisional law such as in the case of Lowenschuss v. Lowenschuss, 470 A.2d 970 (Pa.Super.1983). In Lowenschuss, the service of a petition for contempt on husband did not include the statutorily-required notice designed to inform him of the nature of the contempt proceedings that had been commenced against him. That oversight was deemed to be harmless error where husband had been apprised for many weeks of a pending contempt proceeding and had sufficient preparation time, where two prior petitions for civil contempt had been filed by wife alleging husband's failure to pay alimony pendente lite and to comply with a child support temporary order, resulting in orders directing payment on arrearages and on one occasion an order of incarceration, where husband had developed a pattern of paying arrearages only to avoid incarceration.

Accordingly, these procedural issues raised by Appellant are without merit.

## IV. CONCLUSION

For all of the foregoing reasons, we respectfully submit that our Decree and Order of October 10, 2013, finalizing the divorce of these parties and equitably distributing their marital property, should be affirmed.

BY THE COURT:

Dated: 3/24/14

_____
GARY B. GILMAN,                    J.

N.B.   It is your responsibility to notify all interested parties of the above action.