**Rule 1910.11. Office Conference. Subsequent Proceedings. Order.**

(a)    (1)    The office conference shall be conducted by a conference officer.

(2)    A**ny lawyer serving as a** conference officer **[who is a lawyer]** employed by**, or under contract with,** a judicial district **or appointed by the court** shall not practice family law before a conference officer, **[permanent]** hearing officer**,** **[or]** permanent or standing master**, or judge of [employed by]** the same judicial district.

* * *

**Rule 1910.12. Office Conference. Hearing. Record. Exceptions. Order.**

(a)    There shall be an office conference as provided by Rule 1910.11(a) through (d).  The provisions of Rule 1910.11(d)(3) and (4) regarding income information apply in cases proceeding pursuant to Rule 1910.12.

(b)    (1)    At the conclusion of a conference attended by both parties, if an agreement for support has not been reached, and the conference and hearing are not scheduled on the same day, the court, without hearing the parties, shall enter an interim order calculated in accordance with the guidelines and substantially in the form set forth in Rule 1910.27(e), and the parties shall be given notice of the date, time and place of a hearing.  A record hearing shall be conducted by a hearing officer who must be a lawyer.

(2)    If either party, having been properly served, fails to attend the conference, the court may enter an interim order calculated in accordance with the guidelines and substantially in the form set forth in Rule 1910.27(e).  Within twenty days after the date of receipt or the date of mailing of the interim order, whichever occurs first, either party may demand a hearing before a hearing officer.  If no hearing is requested, the order shall become final.

(3)    A**ny lawyer serving as a**  hearing officer employed by**, or under contract with,** a judicial district **or appointed by the court** shall not practice family law before a conference officer, hearing officer**, [or]** permanent or standing master**, or judge [employed by] of** the same judicial district.

*Note*:   Conference officers preside at office conferences under Rule 1910.11.  Hearing officers preside at hearings under Rule 1910.12.  The appointment of masters to hear actions in divorce or for annulment of marriage is authorized by Rule 1920.51.

* * *

**Rule 1915.4-2. Partial Custody. Office Conference. Hearing. Record. Exceptions. Order.**

\* \* \*

(b)    *Hearing.*

(1)    The hearing shall be conducted by a hearing officer who must be a lawyer, and a record shall be made of the testimony.  A hearing officer who is a lawyer employed by**, or under contract with,** a judicial district **or appointed by the court** shall not practice family law before a conference officer, hearing officer**, [or]** permanent or standing master**, or judge [employed by] of** the same judicial district.

\* \* \*

**Rule 1915.4-3.  Non-Record Proceedings.  Trials.**

(a)    *Non-Record Proceedings.*  In those jurisdictions that utilize an initial non-record proceeding such as a conciliation conference or office conference, if no agreement is reached at the conclusion of the proceeding, the conference officer or conciliator shall promptly notify the court that the matter should be listed for trial.  **Any lawyer employed by, or under contract with, a judicial district or appointed by the court to serve as a conciliator or mediator or to preside over a non-record proceeding shall not practice family law before a conference officer, hearing officer, permanent or standing master, or judge of the same judicial district.**

(b)    *Trial.*  The trial before the court shall be de novo.  The court shall hear the case and render a decision within the time periods set forth in Rule 1915.4.

\* \* \*

**Rule 1920.51.  Hearing by the Court.  Appointment of Master.  Notice of Hearing.**

(a)    (1)    The court may hear the testimony or, upon its own motion or the motion of either party, may appoint a master with respect to all or any of the matters specified in subdivision (a)(2)(i) to consider same and issue a report and recommendation.  The order of appointment shall specify the matters which are referred to the master.

(2)    (i)    The court may appoint a master in an action of divorce under Section 3301(a), (b) and (d)(1)(ii) of the Divorce Code, an action for annulment, and the claims for alimony, alimony pendente lite, equitable distribution of marital property, child support, partial custody or visitation, or counsel fees, costs and expenses, or any aspect thereof.

(ii)    If there are no claims other than divorce, no master may be appointed to determine grounds for divorce if either party has asserted grounds for divorce pursuant to § 3301(c) or § 3301(d)(1)(i) of the Divorce Code.  A master may be appointed to hear ancillary economic claims in a divorce action pursuant to § 3301(c) or

§ 3301(d) of the Divorce Code.  The master may be appointed to hear ancillary economic claims prior to the entry of a divorce decree if grounds for divorce have been established.

(iii)     No master may be appointed in a claim for legal, physical or shared custody or paternity.

*Note*:   Section 3321 of the Divorce Code, 23 Pa.C.S.**[A.]** § 3321, prohibits the appointment of a master as to the claims of custody and paternity.

(3)     The motion for the appointment of a master and the order shall be substantially in the form prescribed by Rule 1920.74.

(4)     A permanent or standing master employed by**, or under contract with,** a judicial district **or appointed by the court** shall not practice family law before a conference officer, hearing officer, **[or]** permanent or standing master**, or judge [employed by] of** the same judicial district.

*Note*:   Hearing conference officers preside at office conferences under Rule 1910.11.  Hearing officers preside at hearings under Rule 1910.12.  The appointment of masters to hear actions in divorce or for annulment of marriage is authorized by Rule 1920.51.

\* \* \*

**Rule 1930.4.  Service of Original Process in Domestic Relations Matters.**

(a)     *Persons Who May Serve.* Original process in all domestic relations matters may be served by the sheriff or a competent adult:

(1)     by handing a copy to the defendant; or

(2)     by handing a copy

(i)     at the residence of the defendant to an adult member of the family with whom the defendant resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or

(ii)     at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which the defendant resides; or

(iii)     at any office or usual place of business of the defendant to the defendant's agent or to the person for the time being in charge thereof.

(3)     or pursuant to special order of court.

3

*Note*:   See Rule 76 for the definition of "competent adult."  Service upon an incarcerated person in a domestic relations action must also include notice of any hearing in such action, and specific notice of the incarcerated individual's right to apply to the court for a writ of habeas corpus ad testificandum to enable him or her to participate in the hearing.  The writ is available where an incarcerated individual wishes to testify as provided by statute or rule, as well as where the individual's testimony is sought by another.  *Vanaman v. Cowgill*, **[363 Pa. Super. 602,]** 526 A.2d 1226 (**Pa. Super.** 1987).   See 23 Pa.C.S.**[A.]** § 4342(j) and Rule 1930.3.   In determining whether a writ of habeas corpus ad testificandum should be issued, a court must weigh the factors set forth in *Salemo v. Salemo*, **[381 Pa. Super. 632,]** 554 A.2d 563 (**Pa. Super.** 1989).

* * *

**Rule 1930.8. Self-Represented Party.**

(a)      A party representing himself or herself shall enter a written appearance which shall state an address, which need not be his or her home address, where the party agrees that pleadings and other legal papers may be served, and a telephone number through which the party may be contacted. The entry of appearance may include a facsimile number as provided by Pa.R.C.P. No. 1012.

(b)      A self-represented party is under a continuing obligation to provide current contact information to the court, to other self-represented parties, and to attorneys of record.

(c)      When a party has an attorney of record, the party may assert his or her self-representation by:

(1)      Filing a written entry of appearance and directing the prothonotary/court clerk to remove the name of his or her counsel of record with contemporaneous notice to said counsel, or

(2)      Filing an entry of appearance with the withdrawal of appearance signed by his or her attorney of record.

(d)      The self-represented party shall provide a copy of the entry of appearance to all self-represented parties and attorneys of record.

(e)      The assertion of self-representation shall not delay any stage of the proceeding.

**(f)      The entry of appearance of a self-represented party shall be substantially in the following form:**

**[CAPTION]**

**ENTRY OF APPEARANCE  OF SELF-REPRESENTED PARTY**

4

**PURSUANT TO  Pa.R.C.P. No. 1930.8**

**I,** _____ **, Plaintiff or  Defendant (circle one), represent myself in the within action.**

**REMOVAL OR WITHDRAWAL  OF COUNSEL OF RECORD  (If Applicable)**

_____ **Remove** _____ **, Esq.,  as  my  attorney  of record.**

_____ **Withdraw my appearance for the filing party.**

_____ **Esq. (Print name)   ID#** _____

_____ **Signature          DATE:** _____

**I  understand  that  I  am  under  a  continuing  obligation  to provide current contact information to the court, to other self-represented parties, and to attorneys of record.**

**All pleadings and legal papers can be served on me at the address listed below, which may or may not be my home address pursuant to Rule 1930.8:**

_____
**Print Name**

_____
**Signature                              Telephone number**

_____
**Address                                FAX**

_____
**City, State, Zip Code                Date**

**THE PARTY FILING THIS ENTRY OF APPEARANCE MUST PROVIDE NOTICE BY SENDING A COPY TO ALL PARTIES AND ATTORNEYS, INCLUDING THE ATTORNEY REMOVED FROM THE CASE.**

_Note:_  **This form cannot be used when filing for support through the Department of Public Welfare Bureau of Child Support Enforcement's E-Services program.  An entry of**

**appearance form is available on the E-Services site for individuals filing through that program.**

**Explanatory Comment—2013**

Withdrawal of appearance by counsel of record **without the entry of appearance by a self-represented party** is governed by Pa.R.C.P. No. 1012. Service of original process in domestic relations matters is governed by Pa.R.C.P. No. 1930.4. Service of legal papers other than original process is governed by Pa.R.C.P. No. 440.