**Rule 1930.2. No Post-trial Practice. Motions for Reconsideration.**

(a)      There shall be no motions for post-trial relief in any domestic relations matter**, including Protection of Victims of Sexual Violence or Intimidation matters**.

> *Note:  See* **Pa.R.C.P. No. 1957.**

(b)      A party aggrieved by the decision of the court may file a motion for reconsideration in accordance with **[Rule of Appellate Procedure]Pa.R.A.P** 1701(b)(3).  If the court does not grant the motion for reconsideration within the time permitted, the time for filing a notice of appeal will run as if the motion for reconsideration had never been **[filed]presented to the court**.

> *Note:*  **Pennsylvania** Rule of Appellate Procedure 903 states that**[, except as otherwise set forth by that rule,]** the Notice of Appeal shall be filed within **[thirty]30** days after the entry of the order from which the appeal is taken**, except as otherwise set forth in that rule**.

(c)      **[The reconsidered decision, except as set forth in subdivision (e), shall be rendered within 120 days of the date the motion for reconsideration is granted]The court shall render its reconsidered decision within 120 days of the date the motion for reconsideration is granted, except as set forth in subdivision (e)**.  If **[it] the court's decision** is not rendered within 120 days, the motion shall be deemed denied.

(d)      **If the court does not enter a reconsidered decision within 120 days, [The]the** time for filing a notice of appeal will begin to run anew from the date of entry of the reconsidered decision**[,]** or **from the 121st day after the motion for reconsideration was granted[, if the court does not enter a reconsidered decision within 120 days, from the 121st day]**.

(e)      If the court grants the motion for reconsideration**[,]** and files **[same,]its order** within the **[30 day]30-day** appeal period, **[it]the court** may**[, at any time within the applicable 120 day period thereafter,]** issue an order **during the applicable 120-day period** directing that additional testimony be taken.  If **[it does]the court issues an order for additional testimony**, the reconsidered decision need not be rendered within 120 days, and the time for filing a notice of appeal will run from the date the reconsidered decision is rendered.


**Rule 1930.4. Service of Original Process in Domestic Relations Matters.**

(a)    *Persons Who May Serve.*  Original process in all domestic relations matters**, including Protection of Victims of Sexual Violence or Intimidation matters,** may be served by the sheriff or a competent adult:

(1)    by handing a copy to the defendant; **[or]**

(2)    by handing a copy**:**

(i)    at the residence of the defendant to an adult member of the family with whom the defendant resides; but if no adult member of the family is found, then to an adult person in charge of such residence; **[or]**

(ii)    at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which the defendant resides; **[or]**

(iii)    at any office or usual place of business of the defendant to the defendant's agent or to the person for the time being in charge**[ thereof.]; or**

(3)    **[or ]**pursuant to special order of court.

*Note:*  **[See Rule]**See Pa.R.C.P. No. 76 for the definition of "competent adult." **[Service upon]**Original process served on an incarcerated person in a domestic relations action must also include notice of any hearing in such action**[,]** and specific notice of the incarcerated individual's right to apply to the court for a writ of **[habeas corpus ad testificandum]**habeas corpus ad testificandum to enable him or her to participate in the hearing.  The writ is available **[where]**if an incarcerated individual wishes to testify as provided by statute or rule, **[as well as where]**or if the **incarcerated** individual's testimony is sought by another.  *Vanaman v. Cowgill*, 526 A.2d 1226 (Pa. Super. 1987).  **[See]**See 23 Pa.C.S. § 4342(j) and **[Rule]**Pa.R.C.P. No. 1930.3.  In determining whether a writ of **[habeas corpus ad testificandum]**habeas corpus ad testificandum should be issued, a court must weigh the factors set forth in *Salemo v. Salemo*, 554 A.2d 563 (Pa. Super. 1989).

(b)    *Service in Protection From Abuse and Protection of Victims of Sexual Violence or Intimidation Matters.*    **[In Protection from Abuse matters only, original process may also be served by an adult using any means set forth in subdivision (a) above.]**  If personal service cannot be completed within **[forty-eight (48)]**48 hours after a Protection From Abuse **or a Protection of Victims of Sexual Violence or Intimidation** petition is filed, the court may**[, by special order as set forth in subdivision (a)(3) above, authorize service by another means]** authorize **alternative service by special order as set forth in subdivision (a)(3),** including, but not limited to, service by mail pursuant to subdivision (c) of this rule.

2

**[(c)** *Service by Mail.* Except in Protection from Abuse matters unless authorized by special order of court pursuant to subdivision (b) above, original process may also be served by mailing the complaint and order to appear, if required, to the defendant's last known address by both regular and certified mail. Delivery of the certified mail must be restricted to addressee only, and a return receipt must be requested.

**(1)** If the certified mail is refused by defendant, but the regular mail is not returned within fifteen days, service may be deemed complete.

**(2)** If the mail is returned with notation by the postal authorities that it was unclaimed, service shall be made by another means pursuant to these rules.]

**(c)** *Service by Mail.*

**(1)** Except in Protection from Abuse and Protection of Victims of Sexual Violence or Intimidation matters, original process in all domestic relations matters may be served by mailing the original process, a notice or order to appear, if required, and other orders or documents, as necessary, to the defendant's last known address by both regular and certified mail.

**(a)** Delivery of the certified mail shall be restricted to the addressee only and a return receipt shall be requested.

**(b)** If the certified mail is refused by the defendant, but the regular mail is not returned within 15 days, service may be deemed complete.

**(c)** If the mail is returned with notation by the postal authorities that it was unclaimed, service shall be made by another means pursuant to these rules.

**(2)** In Protection from Abuse and Protection of Victims of Sexual Violence or Intimidation matters, original process may be served by mail pursuant to this rule, if authorized by the court under subdivision (a)(3).

*Note:* Nothing in this rule is intended to preclude a judicial district from utilizing the United States Postal Service's return receipt electronic option, or any similar service that electronically provides a return receipt, when using certified mail, return receipt requested.

(d)     *Acceptance of Service.*     In lieu of service pursuant to this rule, the defendant or the defendant's authorized agent may accept service of original process **[by filing with the prothonotary a separate document which shall be substantially in the following form:]** <u>as set forth in Pa.R.C.P. No. 402(b).</u>

**[(Caption)**

**ACCEPTANCE OF SERVICE**

**I accept service of the _____. (NAME OF DOCUMENT)  I certify that I am authorized to accept service on behalf of the defendant.**

**_____**                                    **_____**
**DATE**                                                          **DEFENDANT OR AUTHORIZED AGENT**

 

                                                                       **_____**
                                                                       **MAILING ADDRESS**

**Note:  If defendant accepts service personally, the second sentence should be deleted.]**

(e)     **[*Time for* ]**<u>Service Within the Commonwealth.</u>  Original process shall be served **<u>on a defendant located</u>** within the Commonwealth within **[thirty]30** days of the filing of the **[petition or complaint]<u>original process</u>**.

(f)     *Service Outside of the Commonwealth.*  Original process shall be served **<u>on a defendant located</u>** outside the Commonwealth within **[ninety]90** days of the filing of the **[compliant]<u>original process</u>**:

> (1)     by any means authorized by this rule; **[or]**

> (2)     in the manner provided by the law of the jurisdiction in which defendant will be served; **[or]**

> (3)     in the manner provided by treaty; or

> (4)     as directed by the foreign authority in response to a letter rogatory or request.

In Protection from Abuse matters, **[the]<u>a</u>** defendant **<u>outside of the Commonwealth</u>** must be personally served with original process **[outside of the Commonwealth]**. **[Such service]<u>Service</u>** may be made either in accordance with subdivisions (a) and (b)

4

**[of this Rule]** governing personal service or as provided for by **the** law in the jurisdiction where the defendant resides **or is located**. If personal service cannot be completed within 48 hours after **[entry of the protection order]** **the filing of the original process**, service outside of the Commonwealth may be made by **[any]** other means authorized by this rule.

   *Note:* Sections 5323 and 5329(2) of the Judicial Code, 42 Pa.C.S. § § 5323 and 5329(2), provide additional alternative procedures for service outside the Commonwealth. For Protection from Abuse matters, personal service outside of the Commonwealth must **[first]** be attempted **first** before service can be made by certified and regular mail or by **[any of the]** other means prescribed in subsection (f) **[of this Rule]** for out-of-state service.

(g)   *Reinstatement of [Complaint]Original Process*. If service is not made as required by subdivision (e) or (f)**[ of this rule]**, the prothonotary **shall reinstate the original process** upon praecipe accompanied by the original process, or praecipe indicating that the original **[complaint]process** has been lost or destroyed accompanied by a substituted **[complaint, shall reinstate the complaint]original process**.

   (1)   **[A complaint]Original process** may be reinstated at any time and any number of times. A new party defendant may be named in a reinstated **[complaint]original process**.

   (2)   **[A reinstated complaint]Reinstated original process** shall be served as required by subdivision (e) or (f) **[of this rule]**.

(h)   *Proof of Service.*   Proof of service shall be made as follows:

   (1)   The person **[making service of]serving the** original process shall **[make]complete** a return of service **[forthwith]without delay**. If service has not been **[made]completed** within the time allowed **in subdivision (e) or (f)**, a return of no service shall be **[made upon the expiration of the period allowed for service]completed**.

   (2)   Proof of service shall set forth the date, time, place**,** **[and]** manner of service, the identity of the person served**,** and any other facts necessary for the court to determine whether proper service has been made.

   (3)   Proof of service by a person other than the sheriff shall be by affidavit. If a person other than the sheriff **[makes]completes** a return of no service, the affidavit shall set forth with particularity the efforts made to effect service.

(4)     Proof of service by mail shall include a return receipt signed by the defendant or, if the defendant has refused to accept mail service, the returned letter with the notation that the defendant refused to accept delivery**[,]** and an affidavit that the regular mail was not returned within **[fifteen]15** days after mailing.

(5)     Proof of service or of no service shall be filed with the prothonotary.

(6)     An executed Acceptance of Service shall be filed in lieu of a Proof of Service **[where]if the** defendant **or defendant's agent** accepts service of **the** original process.

(i)     *Appearance at Hearing or Conference.*   **[Regardless of the method of service, a]A** party **[who appears]appearing** for the hearing or conference will be deemed to have been served.


**Rule 1930.5. Discovery in Domestic Relations Matters.**

(a)     There shall be no discovery in a simple support, custody**[ or],** Protection from Abuse **[proceeding], or Protection of Victims of Sexual Violence or Intimidation proceedings** unless authorized by order of court.

(b)     Discovery shall be available without leave of court in accordance with **Pa.**R.C.P. **Nos.** 4001 **[et seq.]- 4025** in alimony, equitable distribution, counsel fee and expense**,** and complex support proceedings.