**Rule 1930.4. Service of Original Process in Domestic Relations Matters.**

**— The rule text is deleted in its entirety and replaced with the following text —**

(a) **Personal Service**.

(1) **Persons Who May Serve.** A sheriff or competent adult, as defined in Pa.R.Civ.P. 76, may effectuate personal service of original process in domestic relations matters, including Protection of Victims of Sexual Violence or Intimidation matters.

(2) **Manner of Service**.

(i) A sheriff or competent adult may serve original process:

(A) by handing a copy of the original process to the defendant;

(B) at the defendant's residence by handing a copy of the original process to:

(I) an adult member of the family with whom the defendant resides; but if an adult family member is unavailable, then to an adult in charge of the residence; or

(II) the clerk or manager of the hotel, inn, apartment house, boarding house, or other place of lodging; or

(C) at the defendant's office or usual place of business by handing a copy of the original process to the defendant's agent or the person for the time being in charge; or

(ii) pursuant to special order of court.

(3) **Service in Protection From Abuse and Protection of Victims of Sexual Violence or Intimidation Matters**.

(i) If the sheriff or competent adult cannot complete personal service within 48 hours after a Protection From Abuse or a Protection of Victims of Sexual Violence or Intimidation

1

petition is filed, the court may authorize alternative service by special order as set forth in subdivision (a)(2)(ii).

(ii) Alternative service may include, but is not limited to, service by mail pursuant to subdivision (b) or service by commercial carrier pursuant to subdivision (c).

(b) **Service by Mail**.

(1) In domestic relations matters, except Protection from Abuse and Protection of Victims of Sexual Violence or Intimidation matters, a party may serve the original process, a notice or order to appear, if required, and other orders or documents, as necessary, by United States Postal Service (USPS) first class regular and certified mail to the defendant's last known address.

(i) The party serving the original process by mail shall:

(A) restrict delivery of the certified mail to the addressee only; and

(B) request a return receipt, which may be an electronic return receipt.

(ii) **Completed Service by Mail**. Service of original process is complete when:

(A) the return receipt bears the defendant's purported signature indicating receipt of the certified mail;

(B) the return receipt acknowledges delivery of the certified mail to the defendant consistent with USPS policy and the first class regular mail is not returned within 15 days of mailing; or

(C) USPS returns the certified mail indicating the defendant refused delivery, but the first class regular mail is not returned within 15 days of mailing.

(iii) **Incomplete Service by Mail**.

(A) Service of original process is incomplete when:

2

(I)    USPS returns the certified mail with a notation indicating that the mail was unclaimed by the defendant; or

(II)    is otherwise inconsistent with subdivision (b)(1)(ii).

(B)    If service by mail is incomplete, the party attempting service shall utilize another method pursuant to these rules to effectuate service.

(2)    **Protection from Abuse and Protection of Victims of Sexual Violence or Intimidation Matters**.    A party may serve original process by mail, if authorized by the court under subdivision (a)(2)(ii).

(c)    **Service by Commercial Carrier**.

(1)    In all domestic relations matters, except Protection from Abuse and Protection of Victims of Sexual Violence or Intimidation matters, a party may serve the original process, a notice or order to appear, if required, and other orders or documents, as necessary, by commercial carrier and USPS first class regular mail to the defendant's last known address.

(i)    The party serving the original process by commercial carrier shall:

(A)    restrict delivery of the commercial carrier's package to the defendant's address only; and

(B)    request that the commercial carrier provide a return receipt, which may be an electronic return receipt, detailing the date of delivery, the delivery address, and to whom the package was delivered.

(ii)    **Completed Service by Commercial Carrier**.    Service of original process is complete when:

(A)    the return receipt bears the defendant's purported signature indicating receipt of the commercial carrier's package;

(B)    the return receipt acknowledges delivery of the

3

commercial carrier's package to the defendant's address consistent with the commercial carrier's policy and the first class regular mail is not returned within 15 days; or

    (C) the commercial carrier returns the package indicating the defendant refused delivery, but the first class regular mail is not returned within 15 days of mailing.

(iii) **Incomplete Service by Commercial Carrier**.

    (A) Service of original process is incomplete when:

        (I) the commercial carrier returns the package indicating that the package was unclaimed by the defendant; or

        (II) is otherwise inconsistent with subdivision (c)(1)(ii).

    (B) If service by commercial carrier is incomplete, the party attempting service shall utilize another service method pursuant to these rules.

(2) **Protection from Abuse and Protection of Victims of Sexual Violence or Intimidation Matters**. A party may serve original process by commercial carrier, if authorized by the court under subdivision (a)(2)(ii).

(d) **Acceptance of Service**. The defendant or the defendant's authorized agent may accept service of original process as set forth in Pa.R.Civ.P. 402(b).

(e) **Time for Service**.

(1) **Service Within the Commonwealth**. Within 30 days of filing the original process, a person or party shall serve the original process on a defendant located within the Commonwealth.

(2) **Service Outside of the Commonwealth**.

(i) Within 90 days of filing the original process, a person or party shall serve the original process on a defendant located

4

outside the Commonwealth as:

(A)  authorized by this rule;

(B)  provided by the law of the jurisdiction in which defendant will be served;

(C)  provided by treaty; or

(D)  directed by the foreign authority in response to a letter rogatory or request.

(ii)  **Protection from Abuse and Protection of Victims of Sexual Violence or Intimidation Matters**.

(A)  A person shall serve original process on a defendant located outside of the Commonwealth by personal service as provided:

(I)  in subdivision (a); or

(II)  by the law in the jurisdiction where the defendant resides or is located.

(B)  If personal service is not completed within 48 hours after the filing of the original process, a person or party may serve a defendant located outside of the Commonwealth by other means authorized by this rule.

(f)  **Service of Original Process on an Incarcerated Party**.

(1)  A party serving original process on an incarcerated party in a domestic relations action shall include:

(i)  a notice of any proceeding; and

(ii)  a specific notice of the incarcerated party's right to petition the court to participate in the proceeding.

(2)  A party may petition the court to request that the incarcerated party participate in a proceeding when:

(i)  the incarcerated party seeks to participate as provided by

5

statute or rule; or

    (ii)    another party requires the incarcerated party's participation or testimony.

(g)    **Reinstatement of Original Process**.

    (1)    If a person or party cannot complete service within the time required by subdivision (e), the prothonotary shall reinstate the original process upon the party's *praecipe*:

        (i)    accompanied by the original process; or

        (ii)    indicating that the original process has been lost or destroyed and accompanied by a substituted original process.

    (2)    A person or party shall serve the reinstated original process within the time periods set forth in subdivision (e).

    (3)    A party may:

        (i)    request the prothonotary reinstate the original process at any time or any number of times; or

        (ii)    name a new party defendant in a reinstated original process only if the complaint or petition has not been served on a defendant.

(h)    **Proof of Service***.

    (1)    **Original Process Served**.

        (i)    A party or person serving the original process shall complete a proof of service, which shall be by an affidavit if an individual other than a sheriff serves the original process.

        (ii)    The proof of service shall state:

            (A)    the date and time of service;

            (B)    the place of service;

            (C)    the manner in which service was made;

(D)　the identity of the person served;

(E)　other facts necessary for the court to determine whether proper service has been made; and

(F)　the additional documents required in subdivision (h)(3), as necessary.

(2)　**Personal Service Pursuant to Subdivision (a)***.*　The proof of service shall be filed in the appropriate filing office within ten days of the date of service.

(3)　**Service by Mail or Commercial Carrier Pursuant to Subdivisions (b) or (c)**.

(i)　**Service Complete under Subdivision (b)(1)(ii)(A) or (c)(1)(ii)(A)**.

(A)　The proof of service shall include the return receipt bearing the defendant's purported signature; and

(B)　The proof of service shall be filed within ten days of the date the defendant signed the return receipt.

(ii)　**Service Complete under Subdivision (b)(1)(ii)(B) or (c)(1)(ii)(B)**.

(A)　The proof of service shall include:

(I)　the return receipt or envelope acknowledging delivery to the defendant's residence consistent with USPS or the commercial carrier's policy; and

(II)　an affidavit indicating the first class regular mail was not returned within 15 days of mailing.

(B)　The proof of service shall be filed within ten days of the date:

(I)　the return receipt acknowledges delivery to the defendant's address consistent with USPS or

7

the commercial carrier's policy; and

    (II)    after the passage of time set forth in subdivisions (b)(1)(ii)(B) or (c)(1)(ii)(B).

(iii)    **Service Complete under Subdivision (b)(1)(ii)(C) or (c)(1)(ii)(C)**.

    (A)    The proof of service shall include:

        (I)    the return receipt or envelope acknowledging the attempted delivery to the defendant's residence and that delivery had been refused; and

        (II)    an affidavit stating the first class regular mail was not returned within 15 days after mailing.

    (B)    The proof of service shall be filed within ten days of the date:

        (I)    the return receipt acknowledges the attempted delivery to the defendant's address consistent with USPS or the commercial carrier's policy; and

        (II)    after the passage of time set forth in subdivisions (b)(1)(ii)(C) or (c)(1)(ii)(C).

(4)    **Acceptance of Service Pursuant to Subdivision (d)**.

(i)    If the defendant or the defendant's authorized agent accepts service of the original process as authorized in subdivision (d), the defendant or the defendant's authorized agent shall sign an Acceptance of Service on the form set forth in Pa.R.Civ.P. 402(b).

(ii)    The Acceptance of Service shall be filed in the appropriate filing office within ten days of accepting service.

(5)    **Original Process Not Served**.

(i)    If a party or person cannot serve the defendant within the time

8

allowed in subdivision (e), the party or person attempting service:

(A)     shall complete a proof of no service promptly; and

(B)     file the proof of no service in the appropriate filing office within ten days of the expiration of time allowed for service in subdivision (e).

(ii)     If a party or a person other than a sheriff attempts service of the original process, the proof of no service shall be by an affidavit stating with particularity the efforts made to effect service.

(i)     **Appearance at Hearing or Conference**.     A party appearing for a hearing or conference will be deemed to have been served.

\* \* \*

**Comment:     Additional alternative procedures for service outside the Commonwealth are set forth in 42 Pa.C.S. §§ 5323 and 5329(2).  For Protection from Abuse and Protection of Victims of Sexual Violence or Intimidation matters served outside of the Commonwealth, the party shall attempt personal service first before service can be made by certified and first class regular mail or by other means prescribed in subdivision (e)(2).**

**Subdivision (f) addresses service of original process on an incarcerated party, and the incarcerated party's right to seek permission to appear and testify. *See Vanaman v. Cowgill*, 526 A.2d 1226 (Pa. Super. 1987) and *Salemo v. Salemo*, 554 A.2d 563 (Pa. Super. 1989).**

**The Domestic Relations Section is the filing office for child support, spousal support, and alimony *pendente lite* cases. *See* Pa.R.Civ.P. 1910.4(a).**

**The timing of an attorney's solicitation of a prospective client in actions governed by the Family Court Rules, *see* Pa.R.Civ.P. 1931(a), and actions pursuant to the Protection of Victims of Sexual Violence or Intimidation Act, *see* 42 Pa.C.S. §§ 62A03 - 62A20, are restricted until proof of service appears on the docket. *See* Pennsylvania Rule of Professional Conduct 7.3(b)(4).**