J-S23001-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| RICKY LAND | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAYLYNNE DORAN | : | No. 306 EDA 2023 |

Appeal from the Order Entered October 14, 2022
In the Court of Common Pleas of Pike County
Civil Division at No(s):  147-2022- Civil

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.:  **FILED SEPTEMBER 18, 2023**

Ricky Land ("Father") appeals from the order issued October 14, 2022, denying Father's exceptions, and adopting the custody hearing officer's report and recommendations, thereby giving Kaylynne Doran ("Mother") sole legal and physical custody of the parties minor child ("Child")[1]. On appeal, Father claims the trial court erred by conducting an ex parte custody hearing with Mother without affording Father notice that he could request to be present at the hearing, or otherwise have a meaningful opportunity to be heard. Mother has not filed a brief on appeal. After careful review, we vacate and remand for further proceedings.

---

[1] Child was one year old at the time Mother filed for custody and is currently three years old.

The parties are the natural parents of Child. As Father has been incarcerated since October 2020, Child has resided with Mother since that time. On February 3, 2022, Mother filed a complaint for custody seeking full legal and physical custody of Child. After the parties were unable to reach an agreement during a custody conference in March 2022, a custody hearing was scheduled for May 23, 2022. Mother appeared and testified at the custody hearing. Father failed to appear. After the hearing, the custody hearing officer filed a report and recommendation in favor of Mother.

On August 3, 2022, Father filed an exception to the hearing officer's report and recommendation. Specifically, Father argued the custody hearing was held in violation of his due process rights because the hearing was held without Father present and without notice to Father of his right to attend. After oral argument was held on Father's exception, the trial court denied Father's exception and adopted the hearing officer's report and recommendation. This timely appeal followed.

Our scope and standard of review of child custody orders are settled:

> In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve

an error of law, or are unreasonable in light of the sustainable findings of the trial court.

***S.T. v. R.W.***, 192 A.3d 1155, 1160 (Pa. Super. 2018) (citation omitted).

However, our review differs when an appellant presents a due process challenge:

> A question regarding whether a due process violation occurred is a question of law for which the standard of review is *de novo* and the scope of review is plenary.

***Id****.* (citations omitted).

Father argues that the trial court erred by holding the custody hearing outside his presence and failing to provide him with notice that he had a right to request to be present at the hearing, or have the opportunity to be heard.

The trial court implicitly concedes that it did not provide Father with explicit notice of his right to attend the hearing. ***See*** Trial Court Opinion, 2/15/2023, at 5. Nonetheless, the court contends that Father's reliance on ***S.T.*** is misplaced because the facts are distinguishable, and that in any event Father was aware of his right to participate since he had exercised this right in the past.

After reviewing the record, we disagree with the trial court on both counts. We begin by noting that "the fact of a party's incarceration places an obligation on the court to safeguard his due process rights[.]" ***Vanaman v. Cowgill***, 526 A.2d 1226, 1227 (Pa. Super. 1987). As such, an imprisoned person is due not only notice of a civil hearing, but must also be informed of his right to attend. ***See S.T.***, 192 A.3d at 1162. Further, this is not just a

- 3 -

question of whether Father waived his rights and interests in these proceedings. Courts must be mindful that the paramount concern of custody proceedings is the best interests of the child. *See M.J.M. v. M.L.G.*, 63 A.3d 331, 334 (Pa. Super. 2013). And since "a determination of the child's best interests must have its basis in information[,]" precluding Father from presenting evidence on Child's best interests may violate Child's rights as well. *See S.T.*, 192 A.3d at 1161.

The trial court contrasts the procedural history of *S.T.*, where the incarcerated parent initiated the proceedings, with the present case, where Father is the respondent. However, none of the operative language in *S.T.* relies on the distinction between a petitioner and a respondent:

> In custody hearings, parents have at stake fundamental rights: namely, the right to make decisions concerning the care, custody, and control of their child.
>
> Due process must be afforded to parents to safeguard these constitutional rights. Formal *notice and an opportunity to be heard* are fundamental components of due process when a person may be deprived in a legal proceeding of a liberty interest, such as physical freedom, *or a parent's custody of her child*. It is well settled that procedural due process requires, at its core, adequate notice, opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case. Due process is flexible and calls for such procedural protections as the situation demands.

*S.T. v. R.W.*, 192 A.3d 1155, 1160-61 (Pa. Super. 2018) (citations and internal quotation marks omitted) (emphasis in original). Further, Pa.R.Civ.P. 1930.4(f)(1)(ii) required that Father, as an incarcerated person, be provided notice of his right to participate in the proceeding when Mother served him

- 4 -

with original process in this domestic relations case. Father's status as the respondent here is not relevant to the question of whether the trial court was required to give him notice of his right to be present for the hearing.

Similarly, Father's presence at the prior conciliation conference does not indicate whether Father was aware of his right to file the necessary documents to ensure his presence at the full hearing. We note that it is not clear, under **S.T.** and our existing Rules of Civil Procedure, whether the trial court and incarcerated parents must continually re-engage in a notice/request cycle for subsequent proceedings. In other words, it is possible that Father's initial request to be present for these proceedings was sufficient to place the burden on the trial court of procuring his presence going forward, until such time that Father rescinded his request. Alternatively, it may be that the trial court is required to provide notice of Father's rights with every proceeding that is scheduled in this matter, and consequently, Father has the burden of responding to such notice with a new request to be present on pain of forfeiting that right. However, we need not reach that issue here, as it is clear that under either legal regime, Father's due process rights were violated.

It is undisputed that Father successfully requested to be present for the conciliation conference. And it is also undisputed that the trial court failed to inform Father that he needed to file a new request to be present at the subsequent hearing. Put simply, Father communicated his desire to be present for these proceedings. If the trial court wished to impose a requirement for

Father to file a new request every time a new event was scheduled, the court had the burden of informing Father of that requirement.

Compounding the issue, the hearing that was held in Father's absence was not held on the record, in violation of Pike County Court of Common Pleas Local Rule 1915(F). Our Prothonotary was informed that no record exists of the hearing. Accordingly, there is no way of knowing what testimony was presented at the hearing, nor if proper procedure was followed. Even if Father had been provided with proper notice and nevertheless failed to attend, he would have no way to appeal any improprieties from the hearing since it is unclear what the hearing entailed.

Accordingly, we vacate the order adopting the custody hearing officer's report and recommendation, giving Mother sole legal and physical custody, and remand for a new custody hearing with proper notice to Father.

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/2023