J-S44031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

L.S.H., II,                                             :        IN THE SUPERIOR COURT OF
                                                       :              PENNSYLVANIA
                  Appellant                            :
                                                       :
            v.                                         :
                                                       :
P.J.B.-C                                               :        No. 373 EDA 2017

Appeal from the Order entered December 16, 2016
in the Court of Common Pleas of Delaware County,
Domestic Relations Division, No(s): 2007-11143

BEFORE:  BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                            **FILED JULY 31, 2017**

L.S.H., II ("Father"), *pro se*, appeals from the Order dismissing his

Request for a Hearing *De Novo* ("Request"), after Father failed to appear for

the scheduled *de novo* custody hearing.  We vacate and remand.

On August 24, 2007, Father filed a Complaint against P.J.B.-C.

("Mother"),[1] seeking joint legal custody of their minor daughter, L.H.

("Child"), born in July 2007.  Pursuant to Delaware County local rules, a

custody conciliator was appointed to make a recommendation to the trial

court regarding custody.  The conciliator conducted a hearing in October

2007, and recommended that Mother and Father be granted joint legal

custody, with Mother retaining primary physical custody, and Father

receiving partial physical custody of Child.  On October 12, 2007, the trial

---

[1] Father and Mother are not married.

court adopted the conciliator's recommendation and entered a Temporary Custody Order.

The conciliator conducted a hearing in January 2009, and recommended that Father's partial custody be suspended without prejudice, as Father was serving a prison term in an unrelated case. On January 12, 2009, the trial court adopted the conciliator's recommendation and entered a Temporary Custody Order.

Mother filed a Petition to Modify Custody on January 29, 2016, pointing to her difficulty asserting her right to legal custody while Father is in prison. On April 1, 2016, the conciliator conducted a hearing, and recommended that Mother be granted sole legal custody of Child. The conciliator also recommended that Father have reasonable phone and mail contact with Child. On the same date, Father sent the trial court his Request from prison.[2] The trial court adopted the conciliator's recommendation and entered a Temporary Custody Order on April 4, 2016.

The trial court conducted a pretrial hearing on June 3, 2016, in which Father participated via telephone. During the pretrial hearing, the trial court stated that the *de novo* hearing would likely take place in November, and that Father would receive notice of the hearing in the mail.

On September 13, 2016, Father filed a Petition for Civil Contempt against Mother, alleging that Mother had disconnected her phone and failed

---

[2] Father's Request was entered on the docket on April 11, 2016.

to give Father her new phone number, so he could contact Child. The trial court conducted a hearing on November 17, 2016, and denied Father's Petition based on its conclusion that Mother had not willfully prevented Father from having phone contact with Child. The trial court also established a schedule for Father's phone contact. Additionally, during the contempt hearing, the trial court advised Father that he would have to petition to be present at the *de novo* hearing. However, the trial court did not specify the hearing date on the record until after it had ended the phone call with Father.

On December 14, 2016, the trial court conducted the *de novo* hearing. Father did not appear for the hearing. The trial court called the prison, and was informed that Father had not made arrangements to participate in the hearing. When the trial court spoke to Father on the phone, Father insisted that he had not received notice of the hearing. The trial court ended the phone call after arguing with Father for several minutes, and stated that Father's Request would be dismissed. By Order dated December 16, 2016, the trial court dismissed Father's Request, noting that Father had failed to appear in person, file a writ of *habeas corpus*, or make arrangements to participate using the prison's telephone system.

J-S44031-17

Father filed a timely[3] Notice of Appeal and a court-ordered Pa.R.A.P.

1925(b) Concise Statement of matters complained of on appeal.[4]

On appeal, Father raises the following question for our review:

> Did [the t]rial [c]ourt err and abuse its discretion in dismissing [the R]equest for [a] *de novo* trial[,] when [Father] told the [c]ourt that he did not receive the notice for trial[,] and when the [c]ourt engaged in an *ex parte* conversation with the counsel for [Mother,] then did not convey the information to [Father?]

Brief for Appellant at 4.[5]

We observe the following scope and standard of review in evaluating

custody cases:

> In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent

_____

[3] Father's Notice of Appeal was docketed on January 18, 2017. Although the Order was entered on the docket on December 16, 2016, the docket reflects that notice of the Order was provided on December 19, 2016. **See** Pa.R.A.P. 108(b) (providing that the date of entry of a civil order "shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given"). Additionally, Father attached to his brief a copy of a prisoner cash slip, indicating that he deposited his Notice of Appeal with the prison authorities on January 10, 2017. **See** Pa.R.A.P. 121(a) (providing that "[a] *pro se* filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to the prison authorities for purposes of mailing …, as evidenced by a properly executed prisoner cash slip….").

[4] Father did not file a concise statement with his Notice of Appeal, as required by Pa.R.A.P. 1925(a)(2). However, on January 24, 2017, the trial court ordered Father to correct the defect by filing a concise statement by February 14, 2017, and Father complied. **See In re K.T.E.L.**, 983 A.2d 745, 748 (Pa. Super. 2009) (declining to quash appeal where mother did not file her concise statement contemporaneously, and late filing did not prejudice other parties).

[5] Mother did not file an appellate brief.

- 4 -

evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*C.R.F. v. S.E.F.*, 45 A.3d 441, 443 (Pa. Super. 2012) (citation omitted). Further, "[i]n custody … cases, the paramount concern is the best interests of the child. A determination of where those interests lie can only be made on the basis of a reasonably complete record…." *Vanaman v. Cowgill*, 526 A.2d 1226, 1227 (Pa. Super. 1987) (citation omitted).

Father argues that he did not receive notice of the December 14, 2016 hearing. Brief for Appellant at 11-12, 13. Father claims that he knew that a hearing was pending, but he had not been provided with a specific date. *Id.* at 13. Father asserts that he believed the trial court would schedule a telephone or video conference for him, as they had done for previous hearings. *Id.* at 12. Additionally, Father contends that the trial court engaged in *ex parte* communications with Mother's counsel during the November 17, 2016 contempt hearing, wherein the trial court provided the December hearing date to Mother and her counsel after ending telephone contact with Father. *Id.* at 13. Father argues that the trial court did not

allow him to present evidence, and failed to consider the best interests of Child. *Id.* at 14, 15 n.1.

Father's claim is, in effect, an argument that he was denied due process because the trial court failed to provide him notice of the *de novo* hearing. This Court has stated that

> [f]ormal notice and an opportunity to be heard are fundamental components of due process when a person may be deprived in a legal proceeding of a liberty interest, such as physical freedom, or a parent's custody of [his] child. Both notice and an opportunity to be heard must be afforded at a meaningful time and in a meaningful manner. … Notice, in our adversarial process, ensures that each party is provided adequate opportunity to prepare and thereafter properly advocate its position, ultimately exposing all relevant factors from which the finder of fact may make an informed judgment.

*Everett v. Parker*, 889 A.2d 578, 580 (Pa. Super. 2005) (citations and quotation marks omitted).

We are guided by this Court's decision in *Vanaman*, wherein this Court addressed the deprivation of due process guarantees of a prisoner in a custody matter. In *Vanaman*, the subject child's father, who was in prison, failed to appear for a custody hearing, and the trial court, without taking any evidence, denied the father the right to visitation. *Vanaman*, 526 A.2d at 1226-27. In reversing the trial court's order, this Court held that

> where the respondent/defendant in an action is incarcerated, notice must contain, as well as the usual particulars of the hearing, the statement that respondent/defendant may, if he wishes to attend, request the court by means of a *habeas* petition and writ to make arrangements for transportation to and presence at the hearing. Such request must be made within 10 days prior to the scheduled date.

***Id.*** at 1227. This Court reasoned that "[t]he fact of appellant's incarceration places an obligation on the court to safeguard his due process rights," and concluded that the father's rights had been ignored. ***Id.*** Although not directly analogous to the instant case, we are persuaded by the ***Vanaman*** Court's reasoning, and conclude that Father, in challenging the conciliator's legal custody determination, was entitled to these protections. ***See id.***; ***see also Sullivan v. Shaw***, 650 A.2d 882, 884 (Pa. Super. 1994) (concluding that an incarcerated petitioner in visitation action is entitled to the notice requirements set forth in ***Vanaman***).

Here, the trial court acknowledges that Father was entitled to request a *de novo* hearing following the entry of the Temporary Custody Order based upon the custody conciliator's recommendation. ***See*** Trial Court Opinion, 3/2/17, at 3. The trial court stated in its Opinion that it sent notice of the December 14, 2016 *de novo* hearing to Father by certified mail on June 6, 2016, and notified Father that, if he wished to attend the hearing, he would have to file a Petition for writ of *habeas corpus ad testificandum* at least ten days prior to the hearing. ***See id.*** at 3-4. The trial court also stated that it received the return receipt, signed by D. Hine at the prison, on June 8, 2016. ***See id.*** at 3. Additionally, the trial court indicated that its method of notice to Father was consistent for every hearing in the instant matter, and that each prior return receipt had also been signed by D. Hine at the prison. ***See id.*** at 3-4.

Nevertheless, based upon our review of the record, we cannot conclude that Father received adequate notice of the December 14, 2016 *de novo* custody hearing. Here, the trial court did not enter a scheduling order for the *de novo* hearing on the docket. Also absent from the certified record is a copy of the notice sent to Father, informing him of the date and time of the *de novo* hearing, as well as his right to file a writ of *habeas corpus ad testificandum* in order to personally appear at the hearing, or to make arrangements to participate via telephone.[6] **See Commonwealth v. Preston**, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*) (stating that if a document is not certified by the trial court as part of the official record, we may not consider it). Moreover, although the trial court stated during the November 17, 2016 contempt hearing that the *de novo* hearing would take place on December 14, 2016, it did so after ending the phone call with Father. **See** N.T., 11/17/16, at 65-66. Based upon the foregoing, we are constrained to conclude that the trial court abused its discretion in dismissing Father's Request without confirming that Father received notice of the hearing and instructions regarding how to make arrangements to appear in person or via telephone. **See Vanaman**, 526 A.2d at 1227; **see also Garr v. Peters**, 773 A.2d 183, 191 (Pa. Super. 2001) (stating that

---

[6] Father attached to his brief a copy of an "Inmate's Request to Staff Member," wherein he requested a list of dates he received and signed for legal mail, and specifically asked whether he received legal mail in June 2016. **See** Brief for Appellant, Exhibit 2. To the extent that we consider this document, we observe that the responding staff member indicated that Father received legal mail in April and October 2016.

"[p]rocedural due process requires, at its core, adequate notice, opportunity to be heard, and the chance to defend oneself…." (citations and quotation marks omitted)).

We therefore vacate the Order dismissing Father's Request, and remand for a *de novo* hearing, for which Father is to be afforded appropriate notice and an opportunity to be heard. The trial court is directed to ensure that its notice instructs Father regarding the necessary actions he must take to ensure his participation either in person or by telephone, and provide him ample time to file any required motion regarding his appearance in person or via telephone.

Order vacated. Case remanded for further proceedings consistent with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/2017